Joe Baldassano et al., Appellees, v. Thomas Accettura et al., Appellants.

Appeal of Harry Dennison.

Gen. No. 44,709.

Opinion filed February 9, 1949. Released for publication March 9, 1949.

FRANCIS HEISLER and JULIUS LUCIUS ECHELES, both of Chicago, for appellants.

LEON M. DESPRES, of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal by several defendants from an order granting an interlocutory injunction. Sec. 78 C. P. A.

The defendants' motion to strike the complaint was effectually denied by entry of the order. The motion admitted the facts well pleaded. It admitted that plaintiffs' union has used the name United Shoe Service, Employees' Union, Local 1143 since 1937; that it is an affiliate of the A. F. of L.; that it is composed of more than four hundred shoe repairing and rebuilding workers; that the Union has established a valuable reputation through negotiating collective bargaining contracts in the interest of members and through the craftmanship of workers; that in 1948 defendants formed an organization of shop owners who do their own repairing and rebuilding; that it was formed to protect the interest of employers; that defendants selected for it the name United Shoe Service Union and it was chartered in that name by the C. I. O.; that defendant organization displays signs in its members shops bearing that name; that the signs are made to imitate signs of plaintiffs' union displayed in so-called union shops; that the selection and the use of the name by defendants' organization and the form and display of the signs is for the purpose of misleading the public; that the result has been to mislead the public into the false belief that the members of defendants' organization are members of plaintiffs' union; and that the plaintiffs' union and all of its members have been damaged in trade and reputation.

Plaintiffs do not claim that the defendants had no right to organize the employees and cannot claim that the C. I. O. had no right to issue the charter. The question presented is whether the chancellor abused his discretion in ordering the issuance of the temporary injunction. *Cleaning & Dyeing Plant Owners Ass'n of Chicago v. Sterling Cleaners & Dyers, Inc.,* 278 Ill. App. 70.

██ The rule is that equity will give injunctive re-
lief to a corporation where another has used the
former's name or a name so clearly similar as to al-
most necessarily lead to complication and confusion
in the business of the parties; and that intentional in-
jury is of no importance. *Koebel v. Chicago Land-
lords' Protective Bureau,* 210 Ill. 176; *Mt. Hope
Cemetery Ass'n v. New Mt. Hope Cemetery Ass'n,* 246
Ill. 416; *Bender v. Bender Store & Office Fixture Co.,*
178 Ill. App. 203; *Job Printers Union of Chicago v.
Kinsley,* 107 Ill. App. 654; and *Mossler v. Jacobs,* 66
Ill. App. 571. The trend is to place less emphasis on
the idea of business unfairness and dishonesty (*Mer-
chants' Detective Ass'n v. Detective Mercantile
Agency,* 25 Ill. App. 250; *McFell Electric & Telephone
Co. v. McFell Elec. Co.,* 110 Ill. App. 182) and more on
confusion of the public. *Investors Syndicate of Amer-
ica, Inc. v. Hughes,* 378 Ill. 413. It has been held that
proof of actual confusion is not essential. *Famous
Sea Food House v. Skouras,* 272 App. Div. 258, 70
N. Y. S. (2) 702. The foregoing rules are not limited
to cases involving business corporations; *International
Committee of Y. W. C. A. v. Y. W. C. A. of Chicago,* 194
Ill. 194; *Seattle Street Railway & Municipal Em-
ployees Relief Ass'n v. Amalgamated Ass'n of Street,
Elec. Ry. & Motor Coach Employees,* 3 Wash. (2) 520,
101 Pac. (2) 338.

██ Defendant contends that a temporary injunc-
tion should not be mandatory and that the instant order
is unjust. The order primarily provides restraint on
use of the name. The restraint on displaying the
signs does require that the signs be removed. No pur-
pose would be served in preventing use of the name if
display of signs bearing the name is permitted. More-
over, the general rule as to mandatory injunctions is
subject to exceptions. *Quinn v. Fountain Inn,* 218 Ill.
App. 260; *City of Rock Island v. Central Union Tel.
Co.,* 132 Ill. App. 248. For a case similar to the instant

case see *Carolina Pines v. Catalina Pines,* 128 Cal. App. 84, 16 Pac. (2) 781. Preservation of the *status quo* in this kind of case is not helpful to plaintiffs.

There is no merit in the contention that the order appealed from granted plaintiffs all the relief they would be entitled to after a full hearing. This is not a situation comparable to those in *Cleaning & Dyeing Plant Owners Ass'n of Chicago v. Sterling Cleaners & Dyers, Inc., supra; Mitchell v. Hannah,* 121 Ill. App. 597; or *Levy v. Rosen,* 258 Ill. App. 262. The injunction is temporary. The probability arising from the complaint is that unless defendants are restrained the public will be subjected to confusion through the continued use of the name and signs. We think that fact and the admitted damage to be suffered by plaintiffs far outweighs the inconvenience to be suffered by defendants. *Alpert v. Koonin,* 58 N. Y. S. (2) 757.

For the reasons given it is our opinion that the chancellor committed no abuse of discretion in ordering the issuance of the injunction.

*Order affirmed.*

BURKE, P. J., and LEWE, J., concur.