Anna Gryziecki, Appellee, v. Frejlach's Ice Cream Company, Appellant, and Albert J. Horan, Bailiff of the Municipal Court of City of Chicago, Matthew S. Gryziecki, Individually and as Trustee Under Trust Agreement Dated November 16, 1939, and Leona Gryziecki, his Wife, Defendants.

Gen. No. 46,194.

Opinion filed December 15, 1953. Released for publication January 5, 1954.

FRED B. HANSON, of Chicago, for appellant; THOMAS E. CROWLEY, and WILLIAM E. CORRIGAN, both of Chicago, of counsel.

JOHN H. GALGANO, and PATRICK A. BARTON, both of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

Anna Gryziecki, plaintiff, filed her complaint in chancery to remove as a cloud on the title to certain real estate in Cook county, Illinois, a judgment obtained in the municipal court of Chicago by defendant, Frejlach's Ice Cream Co., a corporation, hereinafter referred to as Ice Cream Company, against defendants, Matthew S. Gryziecki and Leona Gryziecki, his wife, who are the son and daughter-in-law of plaintiff.

The judgment was entered on October 17, 1952, and on January 16, 1953, Albert J. Horan, the bailiff of the municipal court of Chicago, under an execution issued pursuant to the judgment, was ordered to levy upon the right, title and interest of Matthew S. Gryziecki and Leona Gryziecki in and to the real estate involved in this proceeding. Plaintiff and Matthew S. Gryziecki appear of record as the owners of the real estate in question.

In her complaint plaintiff alleges that she was at all times and now is the owner in fee and in possession of the real estate; that on or about January 26, 1939, she and her husband conveyed the premises to a third party; that on or about November 16, 1939, the third party reconveyed the premises to plaintiff and her son, not as tenants in common, but as joint tenants; that on the same date she and her son entered into a trust agreement, which was not recorded, under the terms of which plaintiff and her son were to hold title to the real estate for her benefit; that in the event of her death title was to vest in the son; that plaintiff was to have full control of the premises during her lifetime; that upon the direction of plaintiff the trust could be terminated at any time before her death and that the son was to join in any conveyance during her lifetime upon her written demand to do so.

Plaintiff prays in the complaint that the lien of the judgment of the Ice Cream Company be declared illegal and void; that it be vacated and set aside as a cloud on the title; that the certificate of levy by the bailiff of the municipal court be declared illegal and void.

Pursuant to the complaint, plaintiff filed a verified petition for a temporary restraining order asking that the Ice Cream Company and the bailiff of the municipal court be restrained from proceeding to advertise and sell the premises involved. Notice of the petition was served upon the Ice Cream Company and the bailiff of the municipal court. Defendant Ice Cream Company filed a motion to dismiss the complaint and to dismiss the petition for temporary restraining order. The grounds for the motion in each instance were the same. The Ice Cream Company alleged that it appeared from the face of the petition and the complaint that Matthew S. Gryziecki was the record holder as a

joint tenant in the premises; that the written trust agreement under which Matthew S. Gryziecki held title for plaintiff was not filed of record as required by chapter 30, par. 29, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 29.31] of the Conveyance Act of this State and was void as to the Ice Cream Company, a creditor without notice.

The trial court denied the motion to dismiss the petition for temporary restraining order and to dismiss the complaint and granted the temporary restraining order prayed for by plaintiff. It directed the Ice Cream Company to answer the complaint. This appeal is taken from the temporary restraining order pursuant to provisions of section 78 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 202; Jones Ill. Stats. Ann. 104.078].

■ The Ice Cream Company contends that the trial court erred in denying its motion to dismiss the complaint and the petition for temporary restraining order because the unrecorded written trust agreement is void as to it, a creditor without notice. It is the well-settled law of this State that the trial court has the discretionary power to issue a temporary injunction where it appears necessary to maintain the status quo and preserve the equitable rights of the parties pending disposition of the suit. *Eger v. Illinois Protestant Children's Home, Inc.*, 334 Ill. App. 81; *Baldassano v. Accettura*, 336 Ill. App. 445.

■ The Ice Cream Company does not question the fact that the plaintiff, one of the joint tenants, was in possession of the property, which was an apartment building. It is also agreed by the parties that Matthew S. Gryziecki, the son of the plaintiff, resided in one of the other apartments. The Ice Cream Company contends that the failure to allege exclusive possession by the plaintiff makes the complaint faulty as to the Ice

61

Cream Company and, therefore, the complaint and the petition for temporary restraining order should have been dismissed. The filing of a motion to strike by the Ice Cream Company admitted all facts well-pleaded in the complaint. *Baldassano v. Accettura,* 336 Ill. App. 445.

■ It is the rule in Illinois that possession of real property by a co-tenant constitutes notice to the creditors of the other co-tenant of every interest, legal and equitable, that the co-tenant has in the property. *Farmers' National Bank of Bushnell v. Sperling,* 113 Ill. 273; *VanGundy v. Tandy,* 272 Ill. 319; *Boyer v. Chandler,* 160 Ill. 394; *Bryant v. Lakeside Galleries, Inc.,* 402 Ill. 466.

■ In all cases except *Boyer v. Chandler* the court after a trial found that the co-tenant was in exclusive possession. It is a question of fact for the trial court to determine on a trial of the issues as to whether or not the plaintiff was in the exclusive possession of the real estate so as to constitute notice to all creditors and third parties and make section 30 of the Conveyance Act inapplicable. We conclude that the action of the trial court in allowing the temporary injunction to maintain the status quo was not an abuse of its discretion. The order of the trial court is affirmed.

*Order affirmed.*

Schwartz, P. J. and Tuohy, J., concur.