Associated Refuse Disposal Corporation, Plaintiff-Appellant, v. Associated Disposal Contractors, Incorporated, Defendant-Appellee.

(No. 54659; ▮▮▮▮▮▮▮▮▮▮▮)

First District—April 30, 1971.

Sam Tesler, of Chicago, (S. Paul Zelznick, of counsel,) for appellant.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from an order of the trial court denying its request for the issuance of a permanent injunction restraining defendant or its agents or employees from continuing to operate, advertise or use in any way the name "Associated Disposal Contractors, Incorporated" or from assigning or transferring said name to any other person, party or entity.

■■ Although defendant has filed no appearance or brief, we shall review the merits of this appeal rather than enter summary reversal. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264.

The pleadings and the hearings thereon disclose that plaintiff is an Illinois corporation engaged in the rubbish and refuse removal business with Richard Blauw as its president. Its business is conducted in the City of Chicago and certain adjoining suburbs with the use of four trucks. For the last three or four years plaintiff had an average volume of sales of $150,000.

Prior to plaintiff's incorporation on March 2, 1961, Blauw had conducted the identical kind of business in and about Chicago and was

known in the trade and to its customers under the name "Associated Scavengers Co."

Plaintiff's office and garage are located at 6035 West Roosevelt Road, Cicero, Illinois. A sign shows the name of plaintiff as "Associated Disposal." This name is also listed in the suburban telephone book and in the Chicago Yellow Pages. The name "Associated Disposal" also appears on plaintiff's containers. Appearing on its letterhead, stationery, bills, ticket books and collection books is the name "Associated Refuse Disposal Corp.," with "Associated Scavengers Co., 3 Generations of Service Since 1898," appearing underneath. The name "Associated Refuse Disposal Corporation" appears on plaintiff's trucks and "Associated Disposal" is printed on its employee's uniforms. Emblems with the name "Associated Refuse Disposal Corporation" appear at each customer site.

Plaintiff dumps refuse at the site of Calumet Land Reclamation Company located near 122nd and Torrence, Chicago, and at other dumps located in the Chicago and suburban areas.

The reputation of plaintiff for quality service and reliability is excellent among its customers and tradespeople. Plaintiff is referred to and known as "Associated" by its customers and tradespeople in the community in which it does business. Plaintiff is billed by Calumet Land Reclamation Company as "Associated."

Plaintiff first received notice of the existence of defendant when a truck salesman came to plaintiff's office and asked Mr. Blauw if he had ordered a new truck body. When Mr. Blauw said no, the salesman told him, "Well, there is an Associated that is ordering a new truck body."

Defendant is in the same business as plaintiff and also does business in and about the City of Chicago. Prior to its date of incorporation on January 31, 1969, Defendant's business was conducted as individual proprietorships under the names of its officers and other individuals. Defendant also uses the Calumet Land Reclamation Company as one of its dumps. Defendant has two trucks operating in Chicago but neither truck displays defendant's name. The names of the individuals and not the corporate name are printed on these trucks. Defendant's corporate name appears on its stationery but its customers are billed under the name of the individual proprietors. Defendant has an office and a telephone listing in its corporate name. Defendant has spent between $200 and $300 in advertising since January 31, 1969. Defendant does not place its corporate emblem at each customer's site.

*Opinion*

Plaintiff contends that the trial court erred in denying its request for the issuance of a permanent injunction against defendant. In support of its argument plaintiff cites *Metropolitan Life Insurance Co. v. Metro-*

*politan Insurance Co.* (7th Cir. 1960), 277 F.2d 896, wherein plaintiff sought to enjoin defendant from using its corporate name or any name containing the word "Metropolitan" or any name deceptively similar to that of plaintiff. The trial court ordered the issuance of an injunction against defendant. In affirming the trial court's holding the court, at page 900, stated:

"It is well established in Illinois and by the decisions of this circuit that injunctive relief is properly granted in cases involving the use of deceptively similar names even though there is no proof of *actual* confusion. It is sufficient to show the *likelihood* that confusion will result and that the public might be misled. Of the many decisions to this effect we need only to refer to *G. D. Searle & Co. v. Chas. Pfizer & Co.,* 7 Cir., 1959, 265 F.2d 385, 387; *Keller Products v. Rubber Linings Corp.,* 7 Cir., 1954, 213 F.2d 382, 386, 47 A.L.R.2d 1108; *Metropolitan Opera Ass'n v. Metropolitan Opera Ass'n,* D.C.N.D. Ill. 1948 81 F.Supp. 127; *Investors Syndicate of America v. Hughes,* 1941, 378 Ill. 413, 422, 423, 38 N.E.2d 754, 759; *Lady Esther, Ltd. v. Lady Esther Corset Shoppe,* 1943, 317 Ill.App. 451, 46 N.E.2d 165, 148 A.L.R. 6. This is so even where there is no competition between plaintiff and defendant. (*Lady Esther, supra.*) We hold that the record lends ample support to the findings that there is likelihood of confusion and deception in this case.

\* \* \*

The question quite naturally arises as to the reason for defendant's adoption of its latest name. The record is barren on this point. We shall not speculate on the answer. For whatever reason it was done, it is quite clear to us that the obvious result has been to create a deceptive situation giving rise to the likelihood of confusion in the public mind. That this may tend to harm plaintiff is properly to be considered. However, the paramount concern of the courts is the protection of the public interest. To this end the courts have a duty to invoke their equitable powers to restrain such an invasion on the part of defendant. Otherwise, the likelihood of the commission of a fraud on the public is ever present; and this should be enjoined, unintentional though it may be."

See also *Baldassano v. Accettura,* 336 Ill.App. 445; *Polaroid Corporation v. Polaroid, Inc.* (7th Cir. 1963), 319 F.2d 830; and *Bagby v. Blackwell,* Kansas City Court of Appeals, Missouri, 211 S.W.2d 69.

In the instant case the word "Associated" in plaintiff's name has come to be understood by its public as identifying plaintiff's particular business and, as the testimony shows, plaintiff enjoys a fine reputation among its customers and tradespeople. It is these very people who refer to plaintiff

as "Associated." We believe that plaintiff's name, by its long and extensive use in the trade, has assumed a secondary meaning since it identifies plaintiff in substantially the same area in which both plaintiff and defendant are engaged in the same service of refuse disposal.

We also believe that defendant's name is so deceptively similar to that of plaintiff's as to cause a likelihood of confusion to the public and tradespeople who employ these parties. This is due to the fact that plaintiff and defendant conduct the same type of business in substantially the same area.

We note one example of actual confusion which was caused by the similarity in plaintiff's and defendant's names. We refer to the truck salesman asking Mr. Blauw if "Associated" (meaning plaintiff) had ordered a new truck body when in fact it was defendant who had ordered the new truck body. We also point out that both plaintiff and defendant use one of the same land dumps for the disposal of their refuse and, as an exhibit introduced into evidence shows, Calumet Land Reclamation refers to plaintiff as "Associated."

■■ The order of the trial court denying the issuance of the permanent injunction is reversed and the cause is remanded with directions to issue the permanent injunction prayed for in the complaint.

Reversed and remanded with directions.

ENGLISH, P. J., and LORENZ, J., concur.