THE PEOPLE *ex rel.* HERBERT BROWN, Director, Illinois Dept. of Law Enforcement, Plaintiff-Appellant, *v.* ILLINOIS STATE TROOPERS LODGE No. 41, a/k/a FRATERNAL ORDER OF POLICE, ILLINOIS STATE TROOPERS LODGE No. 41, Defendant-Appellee.

(No. 11523;

Fourth District—August 15, 1972.

*Rehearing denied September 12, 1972.*

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for appellant.

Edward G. Coleman, of Springfield, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

A two-count complaint was filed by the People of the State of Illinois *ex rel.* Herbert Brown, Director of the Illinois Department of Law Enforcement, to enjoin the Defendant from using the name "Illinois State Trooper" in its solicitation campaigns and to enjoin the violation of certain departmental rules. The trial court on motion dismissed the complaint and this appeal has been perfected.

The first count of the complaint alleged that the Defendant, Illinois State Troopers Lodge No. 41 (hereinafter referred to as Lodge No. 41) was a not-for-profit corporation which had registered under the Illinois Solicitation Act and which solicited funds from the general public for its organizational needs and purposes. It is alleged that Lodge No. 41 employed professional fund raisers for the purpose of raising funds and that the solicitation campaigns prominently featured the name "Illinois State Trooper" and the connection of Lodge No. 41 with the State Police. The complaint further alleges that the Department of Law Enforcement has internal regulations issued pursuant to its statutory authority which prohibit police personnel from collecting money from citizens for any purpose and from collecting contributions by any means. Police officers are also forbidden by regulation from joining any group whose charter, constitution or by-laws exact a prior allegiance or prevent the full performance of the officers' duties. It is then alleged that the solicitation by the Defendant was a sham and a device to avoid rules of the Department, that the purpose of Lodge No. 41 was to create a corporate body to permit the troopers to do what they are prohibited from doing.

Count II of the complaint alleged that the term "trooper" which is

used in the name of the Defendant is synonymous with the term "Illinois State Police" and that its use in the solicitation of funds tends to confuse and mislead the public. It is further alleged that the Illinois Solicitation Act forbids the solicitation of funds in a name closely related to a governmental body. An injunction is sought in Count I to prevent Lodge No. 41 from violation of departmental rules and in Count II to prevent the use of the name "Illinois State Trooper" in its solicitation.

A motion to dismiss was filed and after hearing, granted. As to Count I, the court found that the rules of the state police do not apply to Lodge No. 41, and that there was an adequate remedy at law for the Department of Law Enforcement to enforce its own rules against its officers. As to Count II, the court found no confusing similarity between Illinois State Troopers Lodge No. 41 and the name of Illinois State Police such as would tend to confuse the public. The trial court also concluded that the Director of the Department of Law Enforcement does not have standing to sue for a violation of the Illinois Solicitation Act and that he was estopped by the license issued by the Attorney General to deny the legality of the solicitation.

Count I alleges that the solicitation of funds by Lodge No. 41 violates the regulations of the State Highway Police which are as follows:

> "Police personnel shall not collect money from citizens for any purpose, or sell tickets or assist in the sale of ads for any publication, official or otherwise, or seek or collect contributions from any one, by any means, for any purpose or under any circumstances. This includes the solicitation or collection of contributions or pledges for charitable purposes regardless of how worthy the cause.
>
> \* \* \*
>
> Police personnel are prohibited from joining or affiliating with any organization, association, or group whose charter, constitution, or bylaws exact in anyway a prior allegiance or prevent the full performance of state police or divisional duties or responsibilities."

Lodge No. 41 contends that as it is a separate corporate entity, a not-for-profit corporation registered with the Attorney General for soliciting funds for charitable purposes, the rules may not be enforced against it as the rules are only applicable to State Police personnel. It is contended that if there are rules that are being violated, the departmental sanctions should be applied to the offending officer and that there cannot be any application of these rules to a separate corporate entity which is not under the jurisdiction of the Department of Law Enforcement.

■■ Courts have been hesitant to disregard the corporate entity unless the circumstances strongly warrant such action. However, it has long been held that the corporate veil will be pierced in order to prevent the

evasion of a statutory or constitutional duty imposed by the state. In *Ohio Tank Car Co. v. Keith Railway Equipment Co.*, (7th Cir.), 148 Fed.2d 4, the court stated on page 6 as follows:

"The general rule that a corporation and its stockholders are deemed separate entities is subject to the qualification that the separate identity may be disregarded in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights."

The court therein found a violation of a statute dealing with rebates in the railroad industry rejecting the argument that the prohibition did not apply to the separate corporate defendant.

In *Kavanagh v. Ford Motor Co.* (7th Cir.), 353 Fed.2d 710, the court again disregarded the corporate entity concluding that it must look to the substance and the reality of the situation and not the form of the organization structure. The court stated on page 717:

"It is settled doctrine that the fiction of corporate entity will be disregarded whenever it has been adopted or used to evade the provisions of a statute. [Citing cases.] For the reasons we have demonstrated, the Dealers' Day in Court Act would be subverted in the instant case if the corporate format adopted by the parties was given recognition. Hence, we must pierce the corporate veil and look to the substance and reality of the situation."

A similar holding was adopted in *Bigelow v. RKO Radio Pictures* (7th Cir.), 170 Fed.2d 783.

■■ All of the members of Lodge No. 41 were members of the State Highway Police; this fact was admitted in the brief of Lodge No. 41. The complaint alleged that the purpose of the creation of the lodge was the avoidance of these rules and that the solicitation was just a sham and a device for the purpose of evading the proscription against solicitation. Those allegations appear to bring the cause of action directly in line with the foregoing cases wherein the corporate structure was used to evade a statute, or the prohibition of an injunction, or in this case, rules of the Department of Law Enforcement. The complaint therefore states a cause of action for application of the rules to the separate corporate entity.

■ It is no defense that there is an independent party hired to do the solicitation; he is still hired by Lodge No. 41 and obtains his instructions and directions from Lodge No. 41. Whether an independent contractor or not, "The hand is the hand of Esau, although the voice is the voice of Jacob."

■■ The central issue in Count II is whether the use of the name "Illinois State Troopers Lodge No. 41" might be confusing to the public.

The statutory authority, which is the basis for this count, is set forth in Chapter 23, Sec. 5111 (d) of the 1969 Ill. Rev. Stat., and provides:

"No charitable organization or professional fund raiser soliciting contributions shall use a name, symbol, or statement so closely related or similar to that used by another charitable organization or governmental agency that the use thereof would tend to confuse or mislead the public."

There is no decision under this section of that statute. Lodge No. 41 contends that the Plaintiff must plead and show actual confusion, or fraud, or abuse in the use of the name, in order to be entitled to an injunction. However, a review of the cases in analogous areas indicates that the likelihood of confusion is the touchstone in the use of similar names.

The common law is stated in *Baldassano v. Accettura*, 336 Ill.App. 445, 84 N.E.2d 336, wherein the court states on page 447 as follows:

"The rule is that equity will give injunctive relief to a corporation where another has used the former's name or a name so clearly similar as to almost necessarily lead to complication and confusion in the business of the parties. * * * The trend is to place less emphasis on the idea of business unfairness * * * and more on confusion of the public. * * * It has been held that proof of actual confusion is not essential."

Section 22 of Chapter 140 of the Illinois Revised Statutes provides that an injunction may be issued restraining individuals from the use of similar trademarks when the use might lead to confusion as to the source of the goods and services. Under the State and Federal cases arising under this statute, the central issue seems to be that of whether the use of the name causes confusion or is so deceptively similar to that claimed by another that its use might cause confusion. The court in *Metropolitan Life Insurance Co. v. Metropolitan Insurance Co.* (7th Cir.), 277 F.2d 896, stated on page 900:

"It is well established in Illinois and by the decisions of this circuit that injunctive relief is properly granted in cases involving the use of deceptively similar names even though there is no proof of *actual* confusion. It is sufficient to show the *likelihood* that confusion will result and that the public might be misled."

(See also *Associated Refuse Disposal Corp. v. Associated Disposal Contractors, Inc.*, 270 N.E.2d 458, and *Polaroid Corp. v. Polaraid, Inc.* (7th Cir.), 319 F.2d 830.) Similarly, *Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc.*, 317 Ill.App. 451, 46 N.E.2d 165, impliedly recognized that the touchstone is whether the name is deceptively similar when the court stated on page 459:

"In the instant case, we think it clear that the public *might* be deceived into thinking there was some connection between defendant and plaintiff companies." (Emphasis supplied.)

Lodge No. 41 further contends that the phrase "Illinois State Trooper" is discriptive and therefore cannot be claimed by any person to the exclusion of another, unless there has been adopted a strong secondary meaning to the phrase. Although it appears to be the law in trademarks (see *Belleville News-Democrat, Inc. v. St. Clair County Publishers, Inc.*, 26 Ill.App.2d 95, 167 N.E.2d 573; *American Aloe Corp. v. Aloe Creame Laboratories, Inc.*, 420 F.2d 1248; *DeLong Hook & Eye Co. v. Hump Hairpin Mfg. Co.*, 297 Ill. 359, 130 N.E. 765; *Kellogg Co. v. National Biscuit*, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73), these cases do not apply. The statutory language prohibits solicitation in a name "so closely related or similar" to a governmental agency that it would tend to confuse the public. There is no exception for descriptive or generic words and those cases would not appear applicable under the statutory language. Furthermore, when the term "Illinois State Trooper" is used, it conjures up only one image, that of Illinois State Highway Police. That being so, solicitation in using the phrase "Illinois State Trooper" can only cause confusion and create the impression that a State agency or department is in some manner connected with this solicitation. The use, therefore, is in violation of the provisions of the statute and hence may be enjoined.

The trial court found that there was an estoppel as to Count II against the State by the registration issued by the Attorney General. We disagree. The information that has to be submitted to the Attorney General in order to register under the Solicitation Act contains the name of the corporation. Although the similarity of the names would thus be obvious to the Attorney General in granting the registration, an estoppel in this situation is not appropriate for the reason that there is involved a public right and the protection of the public. As was said in C.J.S. Volume 31, Section 138 at page 675:

"Estoppels against the public are little favored. They should not be invoked except in rare and unusual circumstances, and may not be invoked where they would operate to defeat the effective operation of a policy adopted to protect the public."

In cases involving public revenue, public rights and the exercise of governmental functions, estoppel against the State has been denied. (*People ex rel. Paul Powell v. Luttrell*, 264 N.E.2d 737; *Todd v. Annunzio*, 410 Ill. 343, 102 N.E.2d 297 and *Lincoln Park Traps v. Chicago Park District*, 323 Ill. 107, 55 N.E.2d 173.) In the case of *Hickey v. Illinois Central R.R. Co.*, 35 Ill.2d 427, 220 N.E.2d 415, the Supreme

Court did find an estoppel against the State when acting in a proprietary function, as against a governmental function. The court therein points out that there may be estoppel against the State when operating in a governmental capacity but only under compelling circumstances. In explaining the hesitancy of the courts to apply estoppel to public bodies, the court stated on page 447:

"There are sound bases for such policy. It is said that since the State cannot be sued without its consent, an inevitable consequence is that it cannot be bound by estoppel. More importantly, perhaps, is the possibility that application of *laches* or estoppel doctrines may impair the functioning of the State in the discharge of its government functions, and that valuable public interests may be jeopardized or lost by the negligence, mistakes or inattention of public officials."

In this case, the court is involved with a matter of the rights of the public and a statutory proscription. The mere registration of the defendant is not sufficient to justify the curtailing of the police powers of the State and preventing the State from proceeding to remedy a continuing violation of the statutory provisions of the Solicitation Act. To hold otherwise would effectively curtail the power and the right of the State to enforce public rights when mistakes or errors in judgment of those acting in an official capacity appear.

The Solicitation Act (ch. 23, Sec. 5109(a), Ill. Rev. Stat. 1969), provides as follows:

"An action for violation of this Act may be prosecuted by the Attorney General in the name of the people of the State * * *."

The Defendant argues that this action was not brought by the Attorney General in the name of the people of the State. It was in fact brought by Herbert Brown, as Director of the Department of Law Enforcement in the name of the people of the State. The Attorney General appeared as attorney for the Director of Law Enforcement. That being so, the Defendant argues that there is no standing to bring this suit.

■■ It is to be noted that the statute says "may"; it does not provide that the Attorney General is the only person that may bring suit. Although technically not in conformity with the language of the statute, the real Plaintiff is the People of the State of Illinois and the suit was brought in the name of the people. The Attorney General was of record as representing the People of the State of Illinois through the relation of Herbert Brown. It would seem of little use to dismiss the complaint on this basis for such action would only create further litigation and would serve no useful purpose. In the language of Mr. Justice Schaefer in *Boone Landfill, Inc. v. Boone County*, 51 Ill.2d 538 at page 540:

"* * * [I]t is anachronistic to insist upon technical objections of

the kind here raised which exalt form over substance and serve only to impede the disposition of litigated controversies on their merits."
For the foregoing reasons, this argument is rejected.

As discussed above, the complaint herein was improperly dismissed. The order dismissing the complaint is therefore reversed and the case remanded to the trial court with directions to proceed in accordance with the opinion herein.

Reversed and remanded, with directions.

TRAPP, P. J., and SIMKINS, J., concur.