ANAMARIA PONTON, Plaintiff-Appellee, v. ILLINOIS STATE BOARD OF EDUCATION et al., Defendants-Appellants.

First District (4th Division)    No. 76-1260

Opinion filed July 20, 1978.—Rehearing denied August 24, 1978.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellants.

Franklin S. Schwerin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The instant case involves a suit for declaratory judgment in which plaintiff, Anamaria Ponton, seeks a declaration that she is entitled to issuance of a school psychologist certificate. The defendants had denied plaintiff's request for certification on the basis that she did not possess a master's degree. The trial court granted her motion for summary judgment, and the defendants appeal.

We reverse.

Plaintiff applied to the Illinois Office of the Superintendent of Public

Instruction (hereinafter Public Instruction) for approval as a school psychologist intern. In a letter dated January 10, 1973, Public Instruction informed her that she met the requirements for approval as a school psychologist intern. By letter dated January 14, 1974, Public Instruction informed her that on the basis of the records in its possession plaintiff had completed the necessary requirements for certification. The letter further stated that Public Instruction did not have the official transcripts showing her course work and that it was necessary for her to submit said transcripts. Plaintiff submitted her official transcripts of degrees which she had received in Ecuador.

Pursuant to section 1A—4 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 1A—4), the duties previously delegated to the Superintendent of Public Instruction are now vested in the State Board of Education whose chief officer is the State Superintendent of Education. The Office of the State Superintendent of Education (hereinafter Office of Education), on March 14, 1975, informed plaintiff by letter that it had evaluated her credentials and determined that she did not possess a master's degree, or higher, in psychology, educational psychology, or school psychology and therefore could not approve her for certification.

Section 14—1.09 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—1.09) states as follows:

" 'School psychologist' means a psychologist who has graduated with a master's or higher degree in psychology or educational psychology from an institution of higher learning which maintains equipment, course of study, and standards of scholarship approved by the Superintendent of Public Instruction, * * *."

On May 30, 1975, plaintiff requested by letter that the Office of Education reconsider her application on the basis that she claimed her degree "Licencieda en Psicologia" was equivalent to a master's degree. Plaintiff's credentials were then re-examined and submitted to the consultant for foreign credentials of the University of Illinois who confirmed the evaluation made by the Office of Education that plaintiff does not possess the equivalence of a master's degree. The report further stated that the degree which plaintiff claimed was equivalent to a master's degree was not a graduate degree, but the equivalence of a bachelor's degree.

On December 1, 1975, the Office of Education sent a letter to plaintiff informing her that based upon its evaluation and the independent evaluations made by the University of Illinois her application for certification was denied, since she did not possess the equivalence of a master's degree as required by both the Illinois statutes and the Office of Education's rules and regulations. On January 21, 1976, plaintiff filed a complaint for declaratory relief. The defendants thereafter filed a motion

to strike and dismiss which was denied, and thereafter filed an answer. Plaintiff then filed a motion for summary judgment based on her contention that defendants were estopped from disputing her qualifications, since they had approved her for the internship. The circuit court of Cook County granted plaintiff's motion for summary judgment and the defendants filed a timely notice of appeal.

■■ Estoppels against the public are little favored. They should not be invoked except in rare and unusual circumstances, and may not be invoked where they would operate to defeat the effective operation of a policy adopted to protect the public. (31 C.J.S. *Estoppel* §138 (1964).) In cases involving public revenue, public rights and the exercise of governmental functions, estoppel against the State has been denied. (*Todd v. Annunzio* (1951), 410 Ill. 343, 348, 102 N.E.2d 297, 300; *People ex rel. Brown v. Illinois State Troopers Lodge No. 41* (1972), 7 Ill. App. 3d 98, 104, 286 N.E.2d 524, 528; *People ex rel. Powell v. Luttrell* (1970), 130 Ill. App. 2d 241, 243, 264 N.E.2d 737, 739; *Lincoln Park Traps v. Chicago Park District* (1944), 323 Ill. App. 107, 119, 55 N.E.2d 173, 177-78.) In the case at bar, the defendants were acting in their governmental public or sovereign capacity. Today, education is perhaps the most important function of State and local governments. (*Brown v. Board of Education* (1954), 347 U.S. 483, 493, 98 L. Ed. 873, 880, 74 S. Ct. 686, 691.) We hold that estoppel is inapplicable in the instant case, since plaintiff has failed to show the extraordinary circumstances necessary to invoke it. *People ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc.* (1973), 56 Ill. 2d 210, 221, 306 N.E.2d 7, 12; *Levin v. Civil Service Com.* (1972), 52 Ill. 2d 516, 524, 288 N.E.2d 97, 101-02.

Accordingly, we find that it was improper for the trial court to have found that defendants were estopped from finding plaintiff lacked the required qualifications. Thus, the determination of the defendants remains effective. Because of our disposition of the case on its merits, we do not deem it necessary to discuss other issues raised by the appellant.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI and LINN, JJ., concur.