ERNEST FEILER, Plaintiff-Appellant, v. COVENANT MEDICAL CENTER OF CHAMPAIGN-URBANA, Indiv. and d/b/a Burnham Hospital, *et al.*, Defendants-Appellees.

Fourth District No. 4—91—0843

Opinion filed August 13, 1992.

Fred I. Benjamin and Gary G. Katz, both of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

David E. Krchak, of Thomas, Mamer & Haughey, of Champaign, for appellees.

JUSTICE COOK delivered the opinion of the court:

The trial court dismissed plaintiff's negligence action because it was barred by the statute of limitations. Plaintiff appeals, arguing (1) the sale of Burnham City Hospital (Burnham) from the City of Champaign (City) to a non-public entity, Covenant Medical Center of Champaign-Urbana (Covenant), waived defendants' right to rely on the one-year statute of limitations, and (2) defendants should be estopped from relying on the one-year statute because Burnham held itself out as a private hospital. We affirm.

On November 30, 1990, plaintiff filed a complaint against Covenant, a not-for-profit corporation, individually and doing business as Burnham Hospital, and Burnham Hospital. Plaintiff alleged that on December 3, 1988, he was an independent contractor working as a physician at Burnham, and due to the defendant's negligence, he was infected with chronic hepatitis when an intoxicated emergency-room patient (who had chronic hepatitis) lunged toward him causing him to cut his thumb with a scalpel contaminated by the patient's blood, thereby infecting him with the disease.

On March 12, 1991, defendants filed a motion to dismiss, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)), alleging that plaintiff's complaint was barred because it was filed more than one year after the alleged occurrence. Defendants asserted that at the time of the alleged occurrence Burnham was a "publicly owned facility, a municipal hospital owned by the City of Champaign, a local public entity" as defined by section 1—206 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1991, ch. 85, par. 1—206). Since Burnham was a local public entity, defendants maintained that actions against it must be "commenced within one year from the date that the injury was received or the cause of action accrued" (Ill. Rev. Stat. 1991, ch. 85, par. 8—101). Plaintiff's claim therefore was barred because it was commenced on November 30, 1990, more than one year from the date of the incident (December 3, 1988). On May 2, 1991, the circuit court granted defendants' motion to dismiss.

On May 29, 1991, plaintiff filed a document denominated as a motion to vacate summary judgment but which in fact challenged the section 2—619 dismissal, and on September 16, 1991, filed a re-

sponse to defendants' motion to dismiss. The court took the two pleadings as a motion to reconsider its order to dismiss. On October 16, 1991, the circuit court affirmed its order of dismissal. This appeal followed.

Burnham operated as a publicly owned hospital until September 22, 1989, when ownership of the hospital was transferred to Covenant. On September 5, 1989, the city council of Champaign passed a resolution authorizing a consolidation agreement between the City and Servantcor, a not-for-profit corporation which operated Mercy Hospital, to consolidate Burnham and Mercy Hospitals. To effectuate the consolidation the City transferred the operations of Burnham to a locally controlled not-for-profit corporation, Covenant, which would operate both Burnham and Mercy Hospitals. Under the transfer agreement, Covenant was to be liable for all liabilities of Burnham including "all liabilities for personal injury arising from acts or omissions of CITY doing business as Burnham."

Section 8—101 of the Act provides:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." (Ill. Rev. Stat. 1991, ch. 85, par. 8—101.)

Plaintiff argues the sale of the hospital to a private entity before the one-year limitations period expired waived defendants' right to assert the limitations period as a defense. Plaintiff concedes that if Burnham had remained a municipal entity Burnham would have been entitled to assert the limitations period. Since Burnham ceased to exist as a public entity before expiration of the limitations period, however, its right to the one-year statute of limitations was waived. Plaintiff contends the language of section 8—101 refers only to suits brought against local entities, and since the present action was brought against a private entity, Covenant, the one-year limitations period in the Act does not apply.

■ We hold the status of the entity as it existed *on the date of the injury* controls what statute of limitations applies. At the time of the injury here, Burnham was a public entity and therefore subject to the one-year statute of limitations. (Ill. Rev. Stat. 1991, ch. 85, par. 8—101.) Dismissal was appropriate since Burnham was not sued within the one-year statute of limitations. The limitations defense was not waived by the sale of the public hospital within the one-year period as the status of the entity on the date of the injury is determinative. Covenant's liability for personal injuries arising

out of the actions of Burnham is based on the terms of the transfer agreement and Covenant did not agree to accept liability greater than that of the City. Since Burnham cannot be liable, because the suit was not filed within the statute of limitations, neither can Covenant.

Plaintiff argues, alternatively, that if the statute of limitations was not waived, defendants should be estopped from asserting the one-year limitations period because Burnham concealed its status as a public entity.

The 1924 ordinance provided there was "hereby established and shall hereinafter be maintained a Public Hospital in the City of Champaign, to be officially known and designated as The *Burnham City Hospital.*" (Emphasis added.) (Champaign, Ill., Ordinance 223 (Nov. 10, 1924) ("An Ordinance for the Establishment and Maintenance of a Public Hospital").) In spite of this designation plaintiff contends the hospital held itself out as "Burnham Hospital." Plaintiff attached to his response to the motion to dismiss a surgical pathology report which contained in its upper left-hand corner the hospital's insignia and the hospital's identification as "Burnham Hospital" and a document entitled "BURNHAM HOSPITAL Nursing Services Emergency Services Policy—PROTOCOL FOR DRUG ABUSE AND/OR PATIENTS UNDER THE INFLUENCE OF DRUGS OR ALCOHOL." Also attached to plaintiff's response was an affidavit by plaintiff stating that at all times in which he dealt with the hospital it identified itself as "Burnham Hospital"; that correspondence from Burnham always used the name "Burnham Hospital"; forms, such as doctor's reports, discharge summaries, nurses notes, *et cetera*, all used the name "Burnham Hospital"; signs on the hospital identified it as "Burnham Hospital"; and Burnham was listed in the telephone book as "Burnham Hospital."

In response, defendants submitted an affidavit from the medical staff coordinator of Covenant, who is responsible for maintaining records regarding physicians appointed to Covenant and appointed to the medical staffs of Mercy and Burnham prior to the merger. The affidavit attested that the attached application for appointment to the medical staff of Burnham, tendered by plaintiff, was a true and accurate copy of his application. That application was addressed to "Burnham City Hospital." No counteraffidavit was filed by plaintiff.

The doctrine of equitable estoppel is invoked to prevent fraud and injustice. (*Carey v. City of Rockford* (1985), 134 Ill. App. 3d 217, 218, 480 N.E.2d 164, 165.) While it is well established that

the doctrine of equitable estoppel can be asserted against a municipality (*Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 197, 288 N.E.2d 1, 7; *Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 515, 568 N.E.2d 1359, 1369), courts do not favor a finding of estoppel against a public body. (*Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 938, 521 N.E.2d 1177, 1185.) Whether the doctrine of estoppel may be applied against a municipal corporation depends upon the consideration of all the circumstances of the case. (*City of Chicago v. Sievert Electric Co.* (1985), 134 Ill. App. 3d 552, 556, 481 N.E.2d 1, 4; *Joslin*, 166 Ill. App. 3d at 938-39, 521 N.E.2d at 1185.) Estoppel against a public body should not be invoked except "under compelling circumstances," such as where not invoking estoppel would defeat the operation of public policy. *People ex rel. Brown v. Illinois State Troopers Lodge No. 41* (1972), 7 Ill. App. 3d 98, 105, 286 N.E.2d 524, 528.

■ Equitable estoppel has been applied to prevent a litigant, whose conduct has caused a plaintiff to delay filing suit until after the period of limitations has run, from asserting the statute of limitations as a bar to the action. (*Neaterour v. Holt* (1989), 188 Ill. App. 3d 741, 749, 544 N.E.2d 846, 851-52.) To prevail on this theory, plaintiff must establish that he reasonably relied on defendant's conduct or presentations in forbearing suit. (*Neaterour*, 188 Ill. App. 3d at 749, 544 N.E.2d at 852.) Additionally, it is incumbent upon the proponent to prove that he relied upon some acts or representation of the defendant " 'and had no knowledge or convenient means of knowing the true facts.' (Emphasis added.)" *Neaterour*, 188 Ill. App. 3d at 750, 544 N.E.2d at 852, quoting *Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 371, 335 N.E.2d 491, 495.

■ The party who asserts the applicability of equitable estoppel has the burden of proving its requisite elements by " 'clear, precise and unequivocal' " evidence. (*Central Transport*, 210 Ill. App. 3d at 515, 568 N.E.2d at 1369, quoting *In re Estate of Muhammad* (1984), 123 Ill. App. 3d 756, 763, 463 N.E.2d 732, 738.) Whether a party has met its burden of proof with respect to estoppel is a question of fact for the trial court to determine. (*Central Transport*, 210 Ill. App. 3d at 515, 568 N.E.2d at 1369.) "[A] court of review will not reverse [a] trial court's decision [with respect to estoppel] unless it is against the manifest weight of the evidence." *Lawrence v. Board of Education of School District 189* (1987), 152 Ill. App. 3d 187, 201, 503 N.E.2d 1201, 1210.

■ In response to this section 2—619 motion, plaintiff has failed to raise an issue of fact to support his estoppel claim. Plaintiff contends that Burnham concealed its status and created confusion which prevented him from becoming aware of defendant's true nature. Plaintiff, however, offered no facts to show that Burnham prevented him from obtaining information regarding its true identity as a public hospital. Moreover, he failed to allege or offer any evidence that he had no knowledge of Burnham's actual status as a public entity. To the contrary, the evidence established that plaintiff knew defendant Burnham was a city hospital when he addressed his 1981 application to "Burnham City Hospital." Evidence that Burnham sometimes referred to itself as "Burnham Hospital" did not contradict the evidence that plaintiff knew that, at least at times, Burnham referred to itself as "Burnham City Hospital." Plaintiff failed to file a counteraffidavit and is not now in a position to argue that more evidence might be available or that a question of fact exists as to his knowledge. Defendants are not estopped from interposing as a defense the bar of the statute of limitations.

Plaintiff relies on *Kievman v. Edward Hospital* (1985), 135 Ill. App. 3d 442, 481 N.E.2d 909, to support his estoppel argument. In determining the hospital there was estopped from relying on plaintiff's failure to give notice under the Act, the *Kievman* court relied on the facts that there was public confusion as to the hospital's status, that defendant was aware its identification policy had previously caused confusion on the part of parties seeking to bring actions against it, and there was a policy on the part of defendant to avoid recognition as a municipal body to its advantage. (*Kievman*, 135 Ill. App. 3d at 446-47, 481 N.E.2d at 912-13.) These factors are lacking in the case at bar and render *Kievman* inapposite.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.