AMELIA LANXON, Plaintiff-Appellee, v. EDWARD J. MAGNUS *et al.*, Defendants-Appellants.—SUSAN MEUSEL *et al.*, Plaintiffs-Appellees, v. LAMONTE BALLARD *et al.*, Defendants-Appellants.

Third District   Nos. 2—97—0711, 2—97—0884 cons.

Opinion filed April 24, 1998.

Erik K. Jacobs (argued) and Kenneth W. Traum, both of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford, for appellant Community General Hospital Medical Center.

Robert L. Fogel (argued), of Hilfman & Fogel, P.C., of Chicago, for appellees Susan Meusel and Jeffrey Meusel.

Joseph J. Miroballi (argued), of Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., of Chicago, for appellee Amelia Lanxon.

JUSTICE HOMER delivered the opinion of the court:

Defendant Community General Hospital Medical Center (CGH) is a municipal corporation established under the pertinent provisions of the Illinois Municipal Code. 65 ILCS 5/11—22—1 *et seq.* (West 1996). In separate cases, plaintiffs Susan and Jeffrey Meusel and plaintiff Amelia Lanxon sued CGH and various others for medical malpractice. In both cases, the complaints were filed more than one year, but less than two years, after the accrual of their respective causes of action.

CGH moved for summary judgment in both cases, arguing that plaintiffs' claims were barred by the running of the applicable statute of limitations, which it asserted was the one-year period set forth in the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8—101 (West 1996)). In response, plaintiffs argued that their suits were timely filed because the applicable statute of limitations was the two-year period governing medical malpractice cases set forth in section 13—212(a) of the Code of Civil Procedure (the Code) (735 ILCS 5/13—212(a) (West 1996)).

The same trial judge heard both motions and denied summary judgment, finding the two-year limitations period in section 13—212(a) of the Code applicable. Thereafter, the trial judge granted CGH's motions for interlocutory appeal and certified in essence the following question for review in each case: which statute of limitations applies when a municipal hospital is sued for medical malpractice, the one-year period set forth in section 8—101 of the Tort Immunity Act or the two-year period in section 13—212(a) of the Code?

This court granted interlocutory review in both cases pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). Because of the identity of the issues presented, we have consolidated the cases on appeal.

■ The scope of a reviewing court's examination in an interlocutory appeal is strictly limited to the question certified by the trial court. *McMichael v. Michael Reese Health Plan Foundation*, 259 Ill. App. 3d 113, 116, 631 N.E.2d 317, 320 (1994). As with all questions of law, this court conducts *de novo* review of the certified question. *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 285 Ill. App. 3d 217, 219, 674 N.E.2d 35, 36 (1996); *Kincaid v. Smith*, 252 Ill. App. 3d 618, 623, 625 N.E.2d 750, 754 (1993).

■ Section 13—212(a) of the Code provides in pertinent part:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than *2 years* after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first." (Emphasis added.) 735 ILCS 5/13—212(a) (West 1996).

■ Section 8—101 of the Tort Immunity Act provides:

"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within *one year* from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." (Emphasis added.) 745 ILCS 10/8—101 (West 1996).

■ The principal rule of statutory construction is to ascertain and give effect to the legislature's intent, which is determined from the plain language of the statute itself. *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 455, 557 N.E.2d 873, 875 (1990). Courts should not depart from the plain meaning of a statute by reading into it exceptions, limitations or conditions that conflict with the express legislative intent. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 193, 680 N.E.2d 265, 272 (1997). When the plain language of more than one statute is relevant to a given action, courts must determine which statute is more specifically applicable to the case at hand. *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 442, 610 N.E.2d 709, 713 (1993). Where one of the statutory provisions is general, designed to apply to cases generally, and the other is particular, relating to only one subject, the particular provision must prevail. *Cleaver v. Marrese*, 253 Ill. App. 3d 778, 780, 625 N.E.2d 1129, 1131 (1993), citing

380

*Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563 (1992).

Applying these rules of statutory construction, two of our appellate districts have rendered opposite decisions when faced with the question of which of the two statutes applies when a municipal hospital is sued for medical malpractice. Focusing on the nature of the claim being brought by the plaintiff, the Fifth District Appellate Court held, in *Cleaver v. Marrese*, 253 Ill. App. 3d 778, 625 N.E.2d 1129 (1993), that the two-year limitations period in section 13—212(a) of the Code is more specifically applicable in such instances. In *Tosado v. Miller*, 293 Ill. App. 3d 544, 688 N.E.2d 774 (1997), however, the First District Appellate Court determined that the one-year limitation of section 8—101 of the Tort Immunity Act is the more specific provision because the legislature intended to protect a specific class of defendants, local public entities, under that provision.

■ After our careful review, we find the reasoning in *Cleaver* to be a more sound application of the aforementioned rules of statutory construction. As in *Cleaver*, most courts look primarily to the nature of the claim and the type of injury sustained by the plaintiff rather than the class of defendants when determining which of two conflicting statutes of limitation is more specifically applicable to a particular case. See *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874, 880, 671 N.E.2d 79, 83 (1996) (limitations period for personal injury actions brought by minors that accrued during minority (735 ILCS 5/13—211 (West 1994)) more specifically applicable than section 8—101 because the former specifically addresses the nature of the injury as well as a specific type of plaintiff); *Zimmer*, 242 Ill. App. 3d at 442-43, 610 N.E.2d at 713 (limitations period for actions brought against a body politic relating to acts or omissions in construction (735 ILCS 5/13—214(a) (West 1992)) more specifically applicable than section 8—101 because the former was restricted to claims arising out of construction activities); *Hernon*, 149 Ill. 2d at 196, 595 N.E.2d at 563 (limitations period for acts or omissions relating to construction (Ill. Rev. Stat. 1989, ch. 110, pars. 13—214(a), (b)) more specifically applicable than the period for personal injury actions (Ill. Rev. Stat. 1989, ch. 110, par. 13—202) because the former pertains only to construction-related activities); *Heneghan v. Sekula*, 181 Ill. App. 3d 238, 242, 536 N.E.2d 963, 966 (1989) (section 13—212(a) more specifically applicable than the limitations period for contribution actions (Ill. Rev. Stat. 1983, ch. 110, par. 13—204) because the former applies to a specific type of claim and the latter applies to a broad range of claims, but noting that the former also ap-

plied to specific types of defendants and the latter made no distinction among types of tortfeasors); *Desai v. Chasnoff*, 146 Ill. App. 3d 163, 167, 496 N.E.2d 1203, 1205 (1986) (section 13—212(a) more specifically applicable than the limitations period in the Uniform Commercial Code (810 ILCS 5/1—101 *et seq.* (West 1992)) because it applies only to a particular type of claim and the latter applies to all breaches of contracts for sale); *Walsh v. Barry-Harlem Corp.*, 272 Ill. App. 3d 418, 426, 649 N.E.2d 614, 619 (1995) (section 13—212(a) more specifically applicable than the limitations period in Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)), because the former applies only to medical malpractice actions).

In contrast, we find that the *Tosado* decision, focusing solely on the class of defendants to determine specificity, represents a departure from the analysis that courts have followed in the past. Although some courts have considered the type of defendants protected by the limitations period as a part of the overall analysis (*e.g., Heneghan*, 181 Ill. App. 3d at 242, 536 N.E.2d at 966; *Wheatley v. Chicago Transit Authority*, 289 Ill. App. 3d 60, 65, 682 N.E.2d 418, 421 (1997)), we found no case other than *Tosado* that relies on this factor to the exclusion of consideration of the nature of the claim and type of injury sustained. Further, we note that both of the instant statutes could be viewed as applying to a specific class of defendants. Section 8—101 applies only to actions against public entities, and section 13—212(a) applies only to actions against doctors, dentists, nurses, and hospitals. Therefore, the class-of-defendant approach adopted by *Tosado* is of limited usefulness in determining which limitations statute is more specific in these cases.

In applying the more traditional analysis of considering the nature of the claims and the type of injuries sustained by the instant plaintiffs, we find section 13—212(a) more specifically applicable to their cases. Section 8—101 applies generally to civil actions for *any* injury, while section 13—212(a) applies specifically and exclusively to actions for injuries arising out of patient care. Accordingly, section 13—212(a) is the more specific statute and should prevail.

Furthermore, when choosing between two statutes in direct conflict, the more recent enactment will usually prevail as the later expression of legislative intent. *Jahn v. Troy Fire Protection District*, 163 Ill. 2d 275, 282, 644 N.E.2d 1159, 1162 (1994). Section 8—101 was first enacted in 1965 (745 ILCS Ann. 10/8—101, Historical & Statutory Notes, at 882 (Smith-Hurd 1993)), while section 13—212(a) was first enacted in 1982 (735 ILCS Ann. 5/13—212, Historical & Statutory Notes, at 366 (Smith-Hurd 1992)). Although both statutes

have been amended in recent years, the legislature has not deemed it necessary to resolve the conflict between these two sections as they relate to the limitations period for medical malpractice actions brought against municipal hospitals. Public Act 89—7 (the Civil Justice Reform Act of 1995), which was enacted after the *Cleaver* decision, included various provisions relating to both medical malpractice actions and governmental tort immunity. See Pub. Act 89—7, §§ 15, 45, eff. March 9, 1995 (amending various provisions of the Code and the Tort Immunity Act). However, the legislation did not address or obviate the holding in *Cleaver*. Therefore, we find no justification for reading a municipal hospital exception into section 13—212(a) where one is not expressly provided for.

CGH relies upon *Feiler v. Covenant Medical Center*, 232 Ill. App. 3d 1088, 598 N.E.2d 376 (1992), and *Sappington v. Sparta Municipal Hospital District*, 106 Ill. App. 2d 255, 245 N.E.2d 262 (1969), for the proposition that, in the past, the limitations period in the Tort Immunity Act has been applied in medical malpractice actions against municipal hospitals. However, these decisions predate *Cleaver* and do not address the issue facing this court.

*Sappington* did not address applicability of section 13—212(a) since it was decided prior to the enactment of that statute; and in *Feiler*, the plaintiff made no assertion that section 13—212(a) should apply to his medical malpractice claim. Rather, the courts in those cases were asked only to determine whether the subject hospitals met the definition of a public entity under the Tort Immunity Act. *Feiler*, 232 Ill. App. 3d at 1091, 598 N.E.2d at 378; *Sappington*, 106 Ill. App. 2d at 256, 245 N.E.2d at 262-63. Therefore, we find that those decisions are not helpful to our analysis.

We also are not persuaded by defendant's argument that application of section 13—212(a) to municipal hospitals would have the effect of unduly promoting the private interests of health care providers while adversely impeding the public interests protected by section 8—101. The primary purpose of all statutes of limitation is to encourage early investigation into claims at a time when witnesses and other evidence are available and conditions have not materially changed. See *Hayes*, 136 Ill. 2d at 457-58, 557 N.E.2d at 876; *Dachs v. Louis A. Weiss Memorial Hospital*, 156 Ill. App. 3d 465, 467, 509 N.E.2d 489, 491 (1987); *Saragusa v. City of Chicago*, 63 Ill. 2d 288, 293, 348 N.E.2d 176, 179-80 (1976). Consistent application of the two-year limitation of section 13—212(a) of the Code to all medical malpractice actions would not undermine this general goal. On the other hand, there are two important reasons that justify applying section 13—212(a) to municipal hospitals just as any other hospital.

By nature, a claim for medical malpractice is often not immediately apparent to the injured party. Such claims also usually involve complex issues requiring substantial prefiling investigation, including certification of merit by a physician (735 ILCS 5/2—622 (West 1996)), to ascertain whether the claim warrants filing a lawsuit. The complex nature of medical malpractice claims supports application of the two-year statute of limitations set forth in section 13—212(a).

Secondly, the fact that a hospital is a municipal hospital may not be readily apparent to someone who is injured in such a facility. Consequently, it may not be obvious to an injured party, until it is too late, that her claim would be guided by a different statute of limitations due to the status of the hospital as a public entity. Based upon the unique nature and procedural requirements of claims arising out of patient care, we find no reason to hold municipal hospitals to a lesser standard than any other hospital.

Finally, we are unconvinced by defendant's contention that application of section 13—212(a) to municipal hospitals would be an unconstitutional violation of equal protection. Citing *Fujimura v. Chicago Transit Authority*, 67 Ill. 2d 506, 368 N.E.2d 105 (1977), CGH contends that there is no rational basis for holding a municipal hospital to a different statute of limitations than any other municipal entity. Therefore, applying the two-year period to medical malpractice actions brought against municipal hospitals would be unconstitutional.

However, in *Fujimura*, the court held that differing functions and activities of various public entities often constitute a rational basis to support a different period of limitation for one government entity, as distinguished from other government entities. *Fujimura*, 67 Ill. 2d at 514, 368 N.E.2d at 108. Unlike most other public entities, a municipal hospital is in the business of providing patient care and will naturally be subjected to claims of medical malpractice. The distinct functions and activities in which municipal hospitals engage constitute a rational basis for treating them differently from other municipal entities.

For the foregoing reasons, we answer the certified question by holding that the two-year statute of limitations set forth in section 13—212(a) of the Code is applicable to medical malpractice cases brought against municipal hospitals rather than the one-year statute of limitations of section 8—101 of the Tort Immunity Act.

Having answered the certified question, we remand the cause to the circuit court of Whiteside County for further proceedings.

Answered and remanded.

MCCUSKEY, P.J., and BRESLIN, J., concur.