CATHERINE HENEGHAN, Adm'r of the Estate of John Heneghan, Deceased, *et al.*, Plaintiffs, v. KAZIMIERZ SEKULA, Defendant and Third–Party Plaintiff-Appellant (Steven F. Delneky *et al.*, Third–Party Defendants-Appellees).

First District (1st Division) No. 1—88—1469

Opinion filed March 27, 1989.

William J. Harte, Ltd., of Chicago (William J. Harte and David J. Walker, of counsel), for appellant Kazimierz Sekula.

Rooks, Pitts & Poust, of Chicago (Terrence J. Madden, of counsel), for appellee Eleanor Weiss.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Michael G. Bruton, of counsel), for appellee Steven F. Delneky.

Todd A. Smith, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the dismissal of a contribution action as time barred by the medical malpractice statute of repose. (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) In addition to the named parties, briefs have been submitted by *amicus curiae*, the Illinois Trial Lawyers Association. We affirm.

On June 25, 1980, Catherine Heneghan and Maureen Jamieson filed a complaint against defendant and third-party plaintiff Kazimierz Sekula for the wrongful death of John Heneghan. On June 9, 1983, Catherine Heneghan filed a separate complaint against Northwest Hospital and four doctors, including Marvin H. Weiss and Steven F. Delneky, alleging medical malpractice. On June 23, 1983, an order was entered dismissing the complaint against Sekula based upon a purported settlement.

On November 9, 1983, Catherine Heneghan's suit against Dr. Delneky and Dr. Weiss was dismissed as untimely pursuant to the two-year statute of limitations contained in section 13—212 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). On February 10, 1984, the plaintiffs in *Heneghan v. Sekula* moved to vacate the June 23, 1983, order dismissing that case. The trial court granted the motion to vacate.

On December 18, 1985, Sekula filed a third-party complaint asserting a right to contribution against Northwest Hospital, Dr. Delneky and Dr. Weiss. All three third-party defendants moved to dismiss on the basis that the medical malpractice statute of repose (Ill. Rev. Stat. 1983, ch. 110, par. 13—212) barred the action for contribution. The trial court granted the motions based on the medical malpractice statute of repose and Sekula now brings this appeal.

Sekula contends that the applicable statute of limitations for a third-party claim brought under the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) is contained in section 13—204 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—204), rather than section 13—212. At the time Sekula filed his third-party action, section 13—204 provided in relevant part:

> "No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." Ill. Rev. Stat. 1983, ch. 110, par. 13—204.

Section 13—212 provided as follows:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under

the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death* except as provided in Section 13—215 of this Act." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

Sekula contends that section 13—204 is a more specific statute than section 13—212 and therefore, pursuant to *Sierra Club v. Kenney* (1981), 88 Ill. 2d 110, 126, 429 N.E.2d 1214, it should prevail over section 13—212, which he asserts is a more general provision. He submits that the medical malpractice statute of repose contains only a general provision barring actions against doctors, dentists, nurses and hospitals and does not specifically bar actions for contribution. He further contends that if the Illinois legislature had intended the medical malpractice repose statute to apply to contribution actions, it would either have done so specifically or amended section 13—204 to so provide.

Sekula cites *Natural Products Co. v. County of Du Page* (1924), 314 Ill. 74, 80-81, 145 N.E. 298, in which the court noted that where a specific statute conflicts with a general one, the former is treated as an exception to the latter and controls. He argues that in the instant case, an action brought for contribution has a specific statutory time limitation and is therefore an exception to a general statute of limitations.

■ It is a well-established rule of statutory construction that a particularized statute should prevail over a more general statute dealing with the same subject. As noted by our supreme court in *People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 166 N.E.2d 86:

"It is a settled rule of statutory construction that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the same subject either in the same act or in the general laws relating thereto." (19 Ill. 2d at 129.)

(Accord *Sierra Club v. Kenney* (1981), 88 Ill. 2d 110, 126, 429 N.E.2d 1214.) With respect to the instant case, we believe that section 13—

212 is more specific than section 13—204 of the Code of Civil Procedure and therefore section 13—212 applies to the malpractice claim here and bars the third-party action.

■ By its language, the contribution statute of limitations, section 13—204 of the Code, applies to a broad range of actions, including those arising from the operation of motor vehicles, the maintenance of premises, construction activities, product liability-type claims and actions against health care providers. The malpractice statute of repose, in contrast, applies only to actions against "any physician, dentist, registered nurse or hospital *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care." (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) It is clearly narrower and more specific than the contribution statute of limitations, which makes no distinction between actions against doctors and health care providers and actions against any other type of tort defendant.

Sekula raises the argument that even if section 13—212 is the applicable statute of limitations, the statute does not encompass claims for contribution and therefore cannot act as a bar. His position is that section 13—212 applies only to plaintiffs and related parties injured by the defendants but that it has no bearing on contribution actions.

■ It is a cardinal rule of statutory interpretation that when the terms of a statute are not specifically defined, the words must be given their ordinary and popularly understood meanings. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 366, 487 N.E.2d 937.) Where the language and plain meaning of a statute are clear, a court is prohibited from restricting or enlarging that meaning. (*Ehredt v. Forest Hospital, Inc.* (1986), 142 Ill. App. 3d 1009, 1012, 492 N.E.2d 532.) Although section 13—212 does not specifically define the term "action," it must be given its ordinary and popularly understood meaning and it must be construed with reference to the purposes and objectives of the statute.

■ The ordinary and popular meaning of the term "action" includes "all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." (Black's Law Dictionary 26 (5th ed. 1979).) A third-party action for contribution clearly falls within this ordinary and popular meaning. This definition is also consistent with the purpose of the statute of repose, which is intended to terminate the possibility of liability to physicians for actions arising out of patient care after a definite period of time. *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422, 490 N.E.2d 665.

■ Another equally well-recognized rule of statutory construction is that the stated expression of an exception or an exclusion in a statute is presumed to exclude all other possible exceptions. See, *e.g., Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 340, 466 N.E.2d 215.

By its plain language, section 13—212 applies to all actions against physicians for malpractice "whether based upon tort, or breach of contract, or otherwise." The statute further states that "in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act." Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

Section 13—212 provides exceptions to the four-year repose period only for plaintiffs under a legal disability, and section 13—215, incorporated by reference in section 13—212, adds an exception in cases of fraudulent concealment of a cause of action. The legislature provided no comparable exclusion for actions brought under the Contribution Act. We believe the legislature's decision to expressly include certain exceptions indicates an intention that the medical malpractice statute of repose was subject only to those included exceptions and not to general exceptions contained in other statutes.

■ Sekula also contends that as section 13—204 was passed subsequent to section 13—212, the adoption of the contribution statute of limitations operated to modify the malpractice statute of repose. Under the rules of statutory construction, however, the more specific statute prevails regardless of the temporal sequence in which the statutes were enacted. (*Zears v. Davison* (1987), 154 Ill. App. 3d 408, 411, 506 N.E.2d 1041.) Thus the malpractice statute of repose takes priority over the contribution statute of limitations regardless of the fact that the contribution statute of limitations was enacted later in time.

■ In granting defendants' motions to dismiss, the trial court relied upon *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706. (Accord *Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441; *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 532 N.E.2d 314.) The architectural statute of repose involved in *Hartford* was contained in section 13—214(b) of the Code of Civil Procedure, which provided as follows:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such per-

son in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a)." Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b).

The plaintiffs in *Hartford,* as subrogees of a school district, filed suit in December 1981 for damages against an architectural firm alleging certain acts of negligence in the design and construction of a school. On December 17, 1985, the architects filed a third-party complaint against the mechanical and electrical engineers. The engineers moved to dismiss the complaint on the ground that it was time barred by section 13—214(b) of the Code. (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b).) The architects countered that section 13—204 (Ill. Rev. Stat. 1981, ch. 110, par. 13—204) applied rather than section 13—214(b) as section 13—204 specifically governs actions for contribution.

The court rejected this argument, holding that the language of section 13—214, as well as the legislative history of the section, reflects the legislative intent that section 13—214 govern all actions against persons involved in the construction-related activities described in that section. (*Hartford,* 158 Ill. App. 3d at 518.) The court found that according to the legislative history, the purpose of section 13—214 is to protect persons involved in the design and construction of buildings from potentially unlimited liability, a purpose that the court found would be thwarted if contribution actions were excluded from the purview of section 13—214. (*Hartford,* 158 Ill. App. 3d at 519-20.) The *Hartford* court also noted that in most circumstances, the statute of repose does not defeat the purpose of the Contribution Act, as the party potentially liable for the payment of a claim may commence a separate action for contribution from those believed to be joint tortfeasors before his own liability is established. *Hartford,* 158 Ill. App. 3d at 520.

Sekula argues that *Hartford* is inapplicable to the current case in that it involved the architectural statute of repose rather than the medical malpractice statute of repose and on the basis that *Hartford* was incorrectly decided and should be reversed. We agree with the trial court that the situation presented in *Hartford* is essentially indistinguishable from the situation at issue here.

With the exception that section 13—214(b) is directed to those involved in construction activities and involves a different period of re-

pose, the pertinent language of the statute is virtually indistinguishable from that of section 13—212 of the Code of Civil Procedure. Both statutes provide that they apply to actions based upon "tort, contract or otherwise" and both further provide that "in no event" may such an action be brought after the prescribed period of time. Neither statute provides an exclusion for actions for contribution. The statute involved in *Hartford* is also indistinguishable from the malpractice statute of repose in that if applied to contribution claims, both statutes could operate to bar contribution claims even before a defendant had an opportunity to file such a claim.

Sekula suggests that the purpose of the Contribution Act would be contravened by holding it subject to a statute of repose. Using the construction statute of repose as an example, he points out that the *Hartford* court assumed that a plaintiff would always file his action and thus cause a defendant/third-party plaintiff to be aware of his own action within the 10-year repose period. Sekula contends, however, that there is no such guarantee. As section 13—214(b) now provides that any person who discovers his right of action *within* the repose period "shall in no event have less than 4 years to bring an action," a plaintiff who discovers his right of action on the last day of the ten-year repose period could wait another four years to file suit. (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(b).) By choosing to wait until the end of the 14-year period, he would preclude the possibility that the defendant would learn of his own contribution claim within the period of repose, thus eliminating the possibility of bringing a third-party action for contribution. Sekula contends that this kind of foreclosure of claims, which would force one tortfeasor to shoulder the entire responsibility for anothers' actions, is precisely what the Contribution Act seeks to prevent.

Section 13—212 of the Code of Civil Procedure explicitly provides that "in no event" may an action against a physician for malpractice be filed more than four years after the acts or omissions constituting the alleged malpractice. It appears that the medical malpractice statute of repose represents the legislative response to a perceived medical malpractice crisis and that it was intended to apply to all actions for malpractice, whether brought directly by the injured patient or brought as a contribution claim by a defendant tortfeasor. While we believe the language of that section requires dismissal of the instant action, we are also mindful of the legislature's concern that liability for wrongs should be shared equitably, as reflected in the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*; see also *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, 461 N.E.2d 382).

If, in fact, the public policy underlying the Contribution Act was intended to prevail over the policy that led to the enactment of a four-year medical malpractice statute of repose, that is an issue that should be addressed by the legislature rather than by the courts.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.