(No. 69252.—

GREGORY VOGT, Indiv. and as Agent of James Vogt, *et al.*, Appellants, v. DR. MAXWELL CORBETT *et al.*, Appellees.

*Opinion filed September 26, 1990.—Rehearing denied November 30, 1990.*

RYAN, J., took no part.

William E. Phillips, Lowell D. Snorf III, Michael F. Healy and Andrew P. Allen, of Phillips, Healy & Allen, of Chicago, for appellants.

Cassiday, Schade & Gloor (Timothy J. Ashe, Lisa A. Masucci and Lynn D. Dowd, of counsel), and Wildman, Harrold, Allen & Dixon (Ruth E. VanDemark and Gregory S. Norrod, of counsel), all of Chicago, for appellees.

JUSTICE CLARK delivered the opinion of the court:

In *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 460, this court held that third-party actions for contribution against doctors are subject to the medical malpractice statute of repose (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)). The instant case raises the issue of whether the decision in *Hayes* is consistent with this court's earlier decision in *Stephens v. McBride* (1983), 97 Ill. 2d 515, which held that the notice requirements of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, pars. 8—101 through 8—103) are not applicable to actions for contribution against governmental entities.

On May 6, 1978, Gia and Michael Stefani were involved in a car accident. The Stefanis were passengers in a car that was owned and operated by Brian and Linda Scialabba, which was struck by a car owned and operated by appellants Gregory Vogt and James Vogt. Michael Stefani received treatment for injuries he sustained during the collision at a hospital owned by defendant Gottlieb Memorial Hospital. During treatment, Elizabeth Paulsen, a nurse and employee of Gottlieb Memorial Hospital, was pushing Michael Stefani in his wheelchair when he fell and refractured his left leg.

The Stefanis, through their mother and next friend, Jeanette Stefani, filed a negligence action on November 12, 1981, against the Scialabbas, the Vogts, Elizabeth Paulsen, and Gottlieb Memorial Hospital. Soon thereaf-

ter, the Scialabbas settled with the Stefanis and were dismissed from the case.

On October 22, 1984, Michael Stefani filed a separate medical malpractice action against appellees, Dr. Henry Acuna and Dr. Maxwell Corbett, alleging that appellees negligently manipulated Michael Stefani's leg during his hospitalization at Gottlieb Memorial Hospital in 1978, causing the leg to fracture. That action was dismissed on the grounds that the action was barred by the medical malpractice statute of repose (Ill. Rev. Stat. 1987, ch. 110, par. 13—212).

Subsequent to the dismissal of the medical malpractice action, on September 10, 1986, the Vogts filed a third-party complaint in the original negligence action for contribution against appellees, Dr. Acuna and Dr. Corbett. The trial court granted appellees' motion to dismiss the third-party complaint on the basis that it was barred by the medical malpractice statute of repose (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). The appellate court, relying upon its earlier decision in *Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441, *aff'd* (1990), 136 Ill. 2d 450, affirmed the dismissal of the complaint. (187 Ill. App. 3d 1124 (unpublished order under Supreme Court Rule 23 (107 Ill. 2d R. 23)).) We granted appellants' petition for leave to appeal (107 Ill. 2d R. 315(a)).

The medical malpractice statute of repose provides in relevant part:

"Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought *** more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such in-

jury or death." Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).

Appellants in this case claim that the four-year period of repose contained in the medical malpractice statute of repose does not apply to contribution actions. During the pendency of this appeal, this court handed down its decision in *Hayes*, holding that the medical malpractice statute of repose does indeed apply to contribution actions. (*Hayes*, 136 Ill. 2d at 460.) In so doing, this court affirmed the appellate court decision (*Hayes*, 180 Ill. App. 3d 441) which provided the basis for the appellate court's decision in the instant case.

Appellants support their claim in this case with many of the same arguments rejected by this court in *Hayes*. Appellants first argue that contribution actions are not "actions for damages," but rather are equitable actions, and therefore do not come within the purview of the medical malpractice statute of repose. This court held in *Hayes*, however, that the phrase "action for damages" as used in the medical malpractice statute of repose "bars any action after the period of repose seeking damages against a physician or other enumerated health-care provider for injury or death arising out of patient care, *whether at law or in equity*." (Emphasis added.) (*Hayes*, 136 Ill. 2d at 456.) This court similarly rejected appellants' second argument, that the statute of limitations governing contribution actions (Ill. Rev. Stat. 1987, ch. 110, par. 13—204) should supersede the medical malpractice statute of repose. See *Hayes*, 136 Ill. 2d at 459.

Appellants offer one other argument which was not addressed by this court in *Hayes*. According to appellants, the appellate court's decision in *Hayes* (and, consequently, this court's decision in *Hayes*) is inconsistent with this court's decision in *Stephens v. McBride* (1983), 97 Ill. 2d 515. In *Stephens*, 97 Ill. 2d at 525, this court held "that the notice provisions contained in the Tort

Immunity Act [Ill. Rev. Stat. 1979, ch. 85, pars. 8—101 through 8—103] are inapplicable to a defendant seeking contribution from a governmental entity covered by the Act."

Under the provisions of the Tort Immunity Act at issue in *Stephens*, a person seeking to commence a civil action against a local governmental entity for any injury was required to give the governmental entity notice within one year of the injury. (Ill. Rev. Stat. 1979, ch. 85, par. 8—102.) A failure to give the required notice constituted grounds for dismissal of any cause of action filed against the governmental entity for damages arising from the injury. Ill. Rev. Stat. 1979, ch. 85, par. 8—103.

This court's holding that the notice provisions of the Tort Immunity Act were inapplicable to contribution actions was based upon the fact that the notice provisions were enacted prior to the time that contribution was first recognized in Illinois. (*Stephens*, 97 Ill. 2d at 522.) The notice provisions, therefore, "did not purport to deal with contribution actions." (*Stephens*, 97 Ill. 2d at 522.) This court's decision in *Hayes*, on the other hand, was based upon the conclusion that the legislature intended for the medical malpractice statute of repose to apply to contribution actions. (See *Hayes*, 136 Ill. 2d at 456-57.) Accordingly, the decisions in *Hayes* and *Stephens* are consistent in that both merely recognize and enforce the legislature's intent as reflected by the language of the different statutes at issue in each case.

We therefore continue to adhere to this court's holding in *Hayes* that actions for contribution are subject to the four-year period of repose contained in section 13—212(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)). Accordingly, appellant's third-party action seeking contribution from appellees, which was filed more than two years after the ex-

piration of the period of repose, was properly dismissed by the trial court. We therefore affirm the appellate court's decision affirming the trial court.

*Judgment affirmed.*

JUSTICE RYAN took no part in the consideration or decision of this case.