AUGUST ELKE, Plaintiff-Appellee, v. ZIMMER, INC., *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—91—2628

Opinion filed June 29, 1992.

Coffield, Ungaretti & Harris, of Chicago (J. Timothy Eaton and Frank E. Pasquesi, of counsel), for appellants.

Patrick Mahoney & Associates, P.C., of Chicago (Patrick E. Mahoney and Thomas A. Goldrick, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

In this appeal, we have been asked to answer the following certified question:

"Whether section 13—213 or section 13—212 of the Code of Civil Procedure applies to a cause of action against a hospital that distributes or sells a defective hip prosthesis which was in the same condition as originally designed, packaged and shipped by co-defendant, manufacturer Zimmer Inc."

On April 30, 1991, plaintiff, August Elke, filed a four-count complaint against defendants Mercy Hospital and Zimmer Manufacturing Company. Elke sought to recover damages for personal injuries he sustained due to the failure of a hip prosthesis which was inserted into him at Mercy Hospital on October 27, 1980. Stating that he first learned of his injuries from the prosthesis failure on May 3, 1990, Elke, in counts I and IV of the complaint, alleged a products liability action against both Mercy Hospital and Zimmer. Counts II and III contained allegations of breach of both express and implied warranties against Zimmer and Mercy Hospital.[1] Elke further charged that the prosthesis was sold to him by Mercy Hospital, but was manufactured, designed, and distributed by Zimmer.

Mercy Hospital filed, and the circuit court subsequently denied, its section 2—619 (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) motion to dismiss the complaint based on the four-year health care providers' statute of repose contained in section 13—212(a) of the Code of Civil Procedure (Code) (section 13—212(a)) (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a)). The court ruled that the action was governed by the

---

[1]Counts II and III of the complaint were dismissed by the circuit court on June 24, 1991. The propriety of that dismissal is not at issue in the present appeal.

10-year product liability statute of repose contained in section 13—213 of the Code (section 13—213) (Ill. Rev. Stat. 1989, ch. 110, par. 13—213), which the trial judge characterized as an exception to the provisions in section 13—212. The trial judge certified the issue for review by this court (134 Ill. 2d R. 308), and Mercy Hospital now appeals.

Mercy Hospital argues that although the circuit court determined that Elke's action against it was a product liability action rather than a medical malpractice action, it erroneously applied the limitations provision in section 13—213, pertaining to product liability, rather than the health care providers' statute of repose found in section 13—212(a).

■ Section 13—212(a) of the Code provides, in pertinent part, that

"[e]xcept as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a).)

Section 13—213 provides that no product liability action shall be commenced except within the applicable limitations period and, relevant here, within 10 years from the date of the first "sale, lease or delivery of possession to its initial user." Ill. Rev. Stat. 1989, ch. 110, par. 13—213(b).

The issue presented is one of first impression. However, in *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873, our supreme court, in a somewhat analogous situation, addressed section 13—212(a) and its effect on contribution actions. There, the court held that section 13—212(a) governs contribution actions based on medical malpractice brought from underlying complaints which also allege medical malpractice. (*Hayes*, 136 Ill. 2d at 460.) Specifically, the court ruled that the phrase "action for damages" (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a)) "bars *any* action after the period of repose seeking damages against a physician or

other enumerated health-care provider for injury or death arising out of patient care, whether at law or in equity." (Emphasis added.) (*Hayes*, 136 Ill. 2d at 456.) This holding was based upon the conclusion that the inclusion of the language "or otherwise" (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a)) indicated that the legislature intended the term to be "all-inclusive." (*Hayes*, 136 Ill. 2d at 458-59.) The language "demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care *under all theories of liability.*" (Emphasis added.) (*Hayes*, 136 Ill. 2d at 459.) This holding was reaffirmed several months later in *Vogt v. Corbett* (1990), 138 Ill. 2d 482, 563 N.E.2d 447, and recently was iterated in *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 588 N.E.2d 1111. Under this analysis, Elke's product liability action falls within the ambit of section 13—212(a).

Elke maintains that the circuit court correctly found section 13—213 to be an exception to section 13—212(a). Where a court is asked to interpret a disputed statutory provision, it must ascertain and give effect to the intent and meaning of the legislation by first examining the language of the statute. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.) Unambiguous terms, when not specifically defined, must be given their plain and ordinary meaning. (*People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.) Upon review of statutory provisions, courts should refrain from adding words into a legislative enactment when the statute otherwise presents a cogent and justifiable legislative scheme. *Hayes*, 136 Ill. 2d at 456.

■ Here, the statute plainly states that "[e]xcept as provided in Section 13—215 of this Act [exception for fraudulent concealment], no action for damages *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought." (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a).) Our supreme court recently interpreted a similar statutory provision, "[a]ctions based upon tort, contract or otherwise" found in section 13—214 (Ill. Rev. Stat. 1989, ch. 110, par. 13—214), and defined "tort" as

> " '[a] private or civil wrong or injury, other than breach of contract, for which the court will provide a remedy in the form of an action for damages.' " (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 195, quoting Black's Law Dictionary 1335 (5th ed. 1979).)

We note that a product liability action is an action for damages based upon tort law (see *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; Restatement (Second) of Torts §402A (1965)) and, as

such, falls within the statutory language of section 13—212(a). Moreover, the legislature provided the fraudulent concealment exception in addition to an exception for legal disability (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(c)) to the provision. The legislature, presumably, could have added another exception for product liability actions if it so intended. We, therefore, must decline Elke's invitation to insert into the statute the exception urged here. See *Hayes*, 136 Ill. 2d at 456.

■ Elke also argues that the repose limitations set out for product liability actions in section 13—213 actions supersede the statute of repose contained in section 13—212(a). However, in *Hayes*, the supreme court rejected a similar argument, refusing to find that the statute of limitations for contribution actions contained in section 13—204 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—204) supersedes section 13—212(a)'s statute of repose. (*Hayes*, 136 Ill. 2d at 459.) Accordingly, we find that the repose period contained in section 13—213 does not supersede that of section 13—212(a).

■ Finally, Elke points to *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 266 N.E.2d 897, and *Dubin v. Michael Reese Hospital & Medical Center* (1979), 74 Ill. App. 3d 932, 393 N.E.2d 588, *rev'd* (1980), 83 Ill. 2d 277, 415 N.E.2d 350, as support for applying section 13—213 to the present case. Neither case, however, addresses the question presented here, as both concern the propriety of bringing a product liability action against a hospital for products such as blood and X rays.

For the foregoing reasons, the question certified by the circuit court is answered: Section 13—212 applies to a hospital which distributes or sells a defective hip prosthesis under the facts presented here. The judgment of the circuit court, therefore, must be reversed and the cause remanded for further proceedings.

Certified question answered; judgment reversed, and cause remanded.

Judgment reversed and cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.