636 N.E.2d 726 (1993)
264 Ill. App.3d 833
201 Ill.Dec. 294
Nancy JOHNSON, Evelyn Miller, and Dr. Lawrence N. Wallace, D.D.S., and all persons similarly situated, Plaintiffs,
v.
CORE-VENT CORPORATION, a foreign corporation, Defendant. (Core-Vent Corporation, a foreign corporation, Counterplaintiff-Appellant,
v.
Dr. Lawrence N. Wallace, D.D.S., Counterdefendant-Appellee).
No. 1-91-4038.
Appellate Court of Illinois, First District, Third Division.
December 29, 1993.
French Kezelis & Kominiarek, P.C., Chicago (Terence R. Selby, John J. Daley, Michael J. Ortyl, of counsel), for Core-Vent.
Julie L. Trester and Michael Resis, Querrey & Harrow, Ltd., Chicago, for Dr. Lawrence N. Wallace, D.D.S.
Justice GREIMAN delivered the opinion of the court:
Dr. Lawrence N. Wallace, D.D.S. (Wallace) and his patients Nancy Johnson (Johnson) and Evelyn Miller (Miller) filed suit against Core-Vent Corporation (Core-Vent), the manufacturer of dental implants, for the apparent failure of the devices which Wallace had surgically placed into the women's jaws. Wallace performed the first surgical procedure involved with the implant process upon Miller on November 20, 1986 and upon Johnson on January 2, 1987 and the last procedure upon Miller on April 6, 1987 and upon Johnson on June 2, 1987.
The suit was styled as a class action; however, the record is silent as to whether the plaintiffs were certified as class representatives.
Core-Vent filed a counterclaim for contribution against Wallace, alleging that his negligence in the introduction of the dental prostheses caused or contributed to his patients' injuries. The trial court, employing the dates when Wallace performed the first *727 implant surgeries, dismissed the counterclaim with prejudice as untimely under the four-year medical malpractice statute of repose (Ill.Rev.Stat.1991, ch. 110, par. 13-212(a)) and later denied Core-Vent's Motion to reconsider.
After determining that the appropriate time for the statute of repose to begin was on the last rendering of service rather than the first, we affirm in part as to the claim arising from the Miller cause of action and reverse as to the Johnson claim since the contribution action based upon that claim was filed within the four-year statute of repose. Ill.Rev.Stat.1991, ch. 110, par. 13-212(a).
On appeal, Core-Vent contends that the trial court erred in dismissing its counterclaim on grounds that: (1) section 13-207 (Ill.Rev.Stat.1991, ch. 110, par. 13-207) allows the filing of a counterclaim which would otherwise be barred by the four-year medical malpractice statute of repose; or alternatively, (2) Wallace's course of negligent treatment of Miller and Johnson continued at least until May 20, 1991 such that the counterclaim was filed within the four-year repose period.
The facts presented are curious because the medical provider is a plaintiff in the underlying cause of action so that the pleading filed by Core-Vent is a counterclaim rather than the usual third-party complaint.
Wallace treated Miller and Johnson using the Core-Vent dental implant system which provides for the prosthetic replacement of missing teeth. Essentially, the first stage of this system involves a surgical procedure whereby an oral surgeon fixes an implant into the patient's jawbone. After a healing period, a second surgery is performed whereby a post is cemented into the implant upon which a false tooth or bridge is later affixed. Core-Vent claims that the final stage of this system involves the maintenance or remedial care of the implant and post.
Miller first consulted Wallace regarding the Core-Vent implant system on May 13, 1986. On November 20, 1986, Wallace placed six Core-Vent implants into her jawbone. On April 6, 1987, Wallace inserted Core-Vent posts into the implants. Another dentist fitted Miller for prosthetic teeth.
On November 14, 1988, one or more of Miller's Core-Vent posts broke while she was eating. On December 1, 1988, Wallace drilled out portions of three broken posts lodged in her implants. Miller last visited Wallace for treatment on June 23, 1989.
Johnson first consulted with Wallace regarding the Core-Vent implant system on November 8, 1986. On January 2, 1987, Wallace surgically placed a Core-Vent implant into her jawbone. On June 2, 1987, Wallace inserted a Core-Vent post into the implant. Another dentist fitted Johnson for a prosthetic tooth and attached it to the Core-Vent post.
On November 27, 1988, Johnson's Core-Vent implant broke and her prosthetic tooth fell out. The next day, Wallace attended to Johnson in his office and attempted to drill out a portion of the broken post that remained lodged in the implant. Wallace did not treat Johnson again.
Wallace, Johnson, and Miller (plaintiffs) filed suit against Core-Vent on December 27, 1989 and thereafter, on May 10, 1991, filed a second amended complaint which sought damages due to the failure of the Core-Vent implant system alleging counts relating to product liability, negligence and breach of express and implied warranties.
Core-Vent answered the second amended complaint, denying all allegations of wrongdoing. On May 20, 1991, Core-Vent filed a counterclaim for contribution against Wallace pursuant to the Illinois Contribution Among Tortfeasors Act. (Ill.Rev.Stat.1991, ch. 70, par. 301 et seq.) Basically, Core-Vent claimed that if it was liable to plaintiffs, than Wallace was liable to it to the extent that his alleged negligence proximately caused the injuries to Miller and Johnson.
Wallace then filed a successful motion to dismiss Core-Vent's counterclaim as untimely pursuant to section 13-212(a), which provides a two-year statute of limitations and a four-year statute of repose for health care providers. Ill.Rev.Stat.1991, ch. 110, par. 13-212(a).
*728 Core-Vent contends that the trial court erred by dismissing its counterclaim on grounds that section 13-207 exempts counterclaims from the four-year medical malpractice statute of repose. (Ill.Rev.Stat.1991, ch. 110, par. 13-207.) Core-Vent basically argues that section 13-207 represents a tolling statute rather than a statute of limitations such that this statute does not conflict with section 13-212(a). (Bethlehem Steel Corp. v. Chicago Eastern Corp. (1988), 863 F.2d 508 (section 13-207 exempts counterclaims brought by a defendant against a plaintiff from the statute of limitations applicable to a given cause of action).) In the absence of a conflict, Core-Vent states that section 13-207 should trump section 13-212(a) on grounds that a plaintiff who files a lawsuit waives the protection of a statute of limitations or repose. (Ogg v. City of Springfield (1984), 121 Ill.App.3d 25, 34, 76 Ill.Dec. 531, 458 N.E.2d 1331 (party who files a complaint "opens the door" to otherwise stale claims).) Hence, when Wallace and his patients filed their complaint they waived the protection of section 13-212(a) to expose themselves to the counterclaim at issue.
The plain language of section 13-212(a) prohibits any action against a dentist "whether based upon tort, or breach of contract, or otherwise, arising out of patient care" after the two-year statute of limitations or the four-year statute of repose. (Emphasis added.) Ill.Rev.Stat.1991, ch. 110, par. 13-212(a).
A literal reading of section 13-212(a) would prohibit any Core-Vent counterclaim based upon delivery of service prior to May 20, 1987 as untimely (Core-Vent filed its counterclaim on May 20, 1991). (Hayes v. Mercy Hospital & Medical Center (1990), 136 Ill.2d 450, 458, 145 Ill.Dec. 894, 557 N.E.2d 873 (inclusion of the term "or otherwise" following more restrictive language in the statute indicates that the legislature intended the term to be all inclusive); see Elke v. Zimmer (1992), 231 Ill.App.3d 597, 600, 173 Ill.Dec. 37, 596 N.E.2d 661.) The only exceptions stated in section 13-212(a) concern legal disability or fraudulent concealment, exceptions for which Core-Vent does not qualify.
Section 13-212(a) also does not except Core-Vent's counterclaim on grounds of statutory construction. The exceptions of legal disability and fraudulent concealment as provided for in section 13-212(a) are presumed to exclude "general exceptions contained in other statutes" such as section 13-207. Heneghan v. Sekula (1989), 181 Ill.App.3d 238, 242-43, 129 Ill.Dec. 913, 536 N.E.2d 963.
Section 13-212(a) which relates to the malpractice of "any physician, dentist, registered nurse of hospital" has a narrower application than section 13-207 which applies to a broad range of actions including the operation of motor vehicles, the maintenance of certain premises, construction activities and product liability claims. Hayes and Heneghan hold that any specific statute prevails over a more general statute dealing with the same subject. (Hayes, 136 Ill.2d at 459, 145 Ill.Dec. 894, 557 N.E.2d 873; Heneghan, 181 Ill. App.3d at 241-42, 129 Ill.Dec. 913, 536 N.E.2d 963 (particularized medical malpractice limitations period prevailed over general limitations period provided in the Contribution Act).) Hence, although section 13-212(a) is narrow in focus, the legislature intended its broad construction to extinguish claims filed beyond the four-year repose period even if timely under another statute. See Vogt v. Corbett (1990), 138 Ill.2d 482, 150 Ill.Dec. 560, 563 N.E.2d 447 (section 13-212(a) barred third-party claim for contribution although timely under the Contribution Act); Ashley v. Evangelical Hospitals Corp. (1992), 230 Ill.App.3d 513, 516, 171 Ill.Dec. 749, 594 N.E.2d 1269 (section 13-212(a) barred third-party claim for indemnity although timely under statute of limitations concerning actions on unwritten contracts); Elke v. Zimmer, 231 Ill.App. at 601, 173 Ill.Dec. 37, 596 N.E.2d 661 (section 13-212(a) barred claim otherwise timely under the statute of limitations concerning products liability).
The legislature expressed its intent to limit the vulnerability of health care professions from medical malpractice liability by establishing that the four-year statute of repose applied to any action, including claims for contribution. (Heneghan, 181 Ill.App.3d at 242, 129 Ill.Dec. 913, 536 N.E.2d 963, citing *729 Black's Law Dictionary 26 (5th ed. 1979).) As the Hayes court observed, "it [is] difficult to believe that the General Assembly did not also intend to bar a culpable party's claim for contribution if not filed within the same statutory four-year period allowed an innocent plaintiff." Hayes, 136 Ill.2d at 461, 145 Ill. Dec. 894, 557 N.E.2d 873.
While the instant case arises out of alleged medical malpractice, Core-Vent relies upon cases cited in other areas of the law. (See Bethlehem Steel, 863 F.2d 508 (Uniform Commercial Code limitations for breach of implied warranty); Helle v. Brush (1973), 53 Ill.2d 405, 292 N.E.2d 372 (Tort Immunity Act); Patsis v. Zion-Benton Township High School (1992), 234 Ill.App.3d 232, 174 Ill.Dec. 747, 599 N.E.2d 531 (Tort Immunity Act); Ogg, 121 Ill.App.3d 25, 76 Ill.Dec. 531, 458 N.E.2d 1331 (products liability).) Moreover, only one case employs the waiver argument to justify the allowance of the counterclaim. Compare Ogg, 121 Ill.App.3d at 34, 76 Ill. Dec. 531, 458 N.E.2d 1331, with Bethlehem Steel, 863 F.2d at 512 (court recognizes but did not necessarily support waiver theory) and Patsis, 234 Ill.App.3d at 237, 174 Ill.Dec. 747, 599 N.E.2d 531 (court discusses but does not decide the issue of whether the township's filing of its complaint amounts to waiver).
The case at hand does not concern a last minute filing to prevent Core-Vent from asserting a counterclaim within the repose period. An eleventh hour filing might require, as an issue of fundamental fairness, that we allow a reasonable time for the filing of responsive pleadings. However, plaintiffs filed suit in December 1989, more than 11 months before the statute of repose ran on Miller's treatment and more than 13 months before it ran on Johnson's treatment using the trial court's date of commencement of the period, and for a longer time period under our theory of the case.
The fact that Core-Vent's counterclaim involves an action between two parties to the original complaint rather than a counterclaim filed by a third-party does not except this controversy from the four-year repose period. First, the language of section 13-212(a) does not distinguish between a defendant's counterclaim and a third-party claim. Moreover, the nature of the relief sought resembles a third-party claim for contribution as present in Hayes and its progeny since Core-Vent seeks contribution for its liability for injuries to Miller and Johnson.
Core-Vent alternatively argues that Wallace's course of negligent treatment of Miller and Johnson continued at least until May 20, 1991 so that it filed the counterclaim within the four-year repose period. Core-Vent bases this argument on the continuing course of treatment doctrine which states, "When the cumulative results of continued negligence is the cause of the injury, the statute of repose cannot start to run until the last date of the negligent treatment." (Cunningham v. Huffman (1993), 154 Ill.2d 398, 405, 182 Ill.Dec. 18, 609 N.E.2d 321,) Core-Vent contends that since the implantation process was so interrelated as to constitute one ongoing wrong, the trial court erred in focusing on the date when Wallace performed the first stage of the implant surgery to dismiss its counterclaim as untimely.
Core-Vent's reliance on the continuing course of treatment doctrine is misplaced for three essential reasons. First, this doctrine "presupposes the existence of [a] personal, confidential physician-patient relationship" (Aznel v. Gasso (1987), 154 Ill.App.3d 785, 788, 107 Ill.Dec. 419, 507 N.E.2d 83), and Core-Vent had no patient-physician relationship with Wallace let alone a continuing one.
Moreover, Core-Vent never suggested that it knew of Miller's and Johnson's treatments while they were underway such that the course of treatment did not lull Core-Vent into delaying its claim for medical malpractice against Wallace, a claim that Core-Vent was entitled to file even before Miller and Johnson filed their original complaint. See, e.g., Hartford Fire Insurance Co. v. Architectural Management, Inc. (1987), 158 Ill. App.3d 515, 520, 110 Ill.Dec. 529, 511 N.E.2d 706 (a party potentially liable for payment of a claim may commence a separate action for contribution from those believed to be joint tortfeasors).
Finally, Core-Vent cannot rely on the continuing course of treatment doctrine since *730 Miller and Johnson could not have resorted to that doctrine to assert a claim against Wallace. The doctrine tolls the four-year statute of repose but does not toll the two-year statute of limitations if the plaintiff knows of her injury at issue. (Cunningham, 154 Ill.2d at 407, 182 Ill.Dec. 18, 609 N.E.2d 321; Neaterour v. Holt (1989), 188 Ill.App.3d 741, 747-485, 136 Ill.Dec. 160, 544 N.E.2d 846.) The trial court concluded that Miller and Johnson became aware of their injuries on November 14, 1988 and November 28, 1988, respectively. Working from the dates on which Miller and Johnson became aware of their injuries, the trial court held that their claims against Wallace for negligence occurring on or before these dates expired under the two-year statute of limitations on November 14, 1990 and November 28, 1990, respectively. However, Core-Vent was unaware of the injuries to the patient-plaintiffs until it was joined as a defendant so that we look to the statute of repose to establish limitations.
Having determined the interplay between section 13-212(a) and section 13-207 and that Core-Vent's claim was filed on May 20, 1991 so that the statute of repose barred the Miller claim which expired on April 6, 1991 but not the Johnson claim which expired on June 2, 1991, we affirm in part as to the Miller claim and reverse in part as to the Johnson claim and remand.
Affirmed in part; reversed in part and remanded.
TULLY, P.J., and CERDA, J., concur.