INTERNATIONAL BUSINESS LISTS, LTD., an Illinois corporation, Plaintiff,

v.

AMERICAN TELEPHONE & TELEGRAPH COMPANY, a New York corporation, Defendant.

No. 92 CV 5844.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 6, 1994.

Michael D. Sher, Tracy L. Potter, Kenneth M. Brown, James H. Bowhay, Neal, Gerber & Eisenberg, Chicago, IL, for plaintiff.

William F. DeYoung, Loretto M. Kennedy, Nicholas Bou, Carole Craw Tublesing, Burke, Weaver & Prell, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff International Business Lists, Inc. (IBL), an Illinois corporation, brings this diversity action against American Telephone & Telegraph Company (AT & T), a New York corporation, alleging breach of contract. IBL and AT & T entered into a two-year direct services marketing agreement in June 1990, and IBL claims that AT & T breached the agreement. AT & T counterclaimed on March 8, 1993, asserting that it was IBL who breached. In its decision of June 16, 1994, the court held that any of IBL's claims that arose from breaches of contract occurring more than one year before the date of IBL's initial complaint are time-barred under the limitations provision of the contract. IBL now seeks to have that same holding applied to AT & T's counterclaim. Its motion filed August 18, 1994, asks the court to enter summary judgment in its favor with respect to all of AT & T's counterclaims that arose more than one year before March 8, 1993. For the reasons set forth below, IBL's motion for partial summary judgment is granted.

## FACTS [1]

IBL is an Illinois corporation that compiles and develops business databases and pro-

1. Unless otherwise noted, the facts relevant to IBL's motion are not in dispute. They are recit-

vides computer-related marketing and informational services. AT & T is a New York corporation that provides and sells a wide range of telecommunications services and equipment. In June 1990, IBL and AT & T entered into an agreement by which AT & T agreed to purchase certain direct marketing services from IBL over a two-year term. Under the agreement IBL was to furnish AT & T with leads (potential customers), lead generation services, and other market-related survey data, including access to the North American Business Registry (NABR) and unique NABR records.

IBL brought this suit on August 31, 1992, alleging that AT & T breached the agreement on May 23, 1991, when it informed IBL that it would no longer purchase leads or survey data from it. AT & T wrote to IBL on May 28, 1991, saying that although it no longer required IBL's lead generation and market survey services, it wished to continue receiving IBL's unique NABR records. Nonetheless, AT & T continued to purchase leads from IBL, but IBL claims it did so at a level far below what was required under the agreement. AT & T filed a counterclaim on March 8, 1993, arguing that IBL, not AT & T, breached the contract. Then, on July 27, 1993, AT & T filed a motion to dismiss IBL's complaint.

On November 5, 1993, the court dismissed the complaint in its entirety, holding that it was time-barred under the limitations provision of the contract, which states in part:

5. *Limitation of Liability.* ... No action, regardless of form, arising out of the Services under this Agreement, may be brought by either party more than one (1) year after the cause of action has accrued, except tha[t] an action for non-payment may be brought within one (1) year of the date of last payment.

(Agreement at ¶ 5.) On December 1, 1993, IBL moved the court to reconsider its decision. In response, AT & T filed both a memorandum in opposition to IBL's motion and a motion of its own urging the court to sustain the dismissal on an alternative ground. On June 16, 1994, the court denied AT & T's motion and granted in part IBL's motion to reconsider. The court held that IBL's complaint could be read to allege that AT & T had committed multiple breaches of the agreement, not just one total breach, and that claims based on any of the breaches that took place within a year of August 31, 1992 should not be time-barred.

IBL now seeks to have the same holding applied to AT & T's counterclaim. In a motion filed August 18, 1994, IBL asks the court to enter summary judgment in its favor with respect to all of AT & T's counterclaims that arose more than one year before March 8, 1993. It argues that paragraph 5, the limitation of liability provision of the contract, applies equally to both parties and operates to bar AT & T's earlier claims (Plaintiff's Motion for Summary Judgment at 3). AT & T counters that an Illinois statute, 735 ILCS 5/13–207, preserves the counterclaim in its entirety (Defendant's Response at 4–5). Section 13–207 permits defendants to plead setoffs or counterclaims (otherwise barred by the statute of limitations) to an action the cause of which was owned by the plaintiff before the set-off or counterclaim was barred. *Eddy v. Yellow Cab Co.*, 434 F.Supp. 447, 448 (N.D.Ill.1977).[2] We must decide whether § 13–207 applies, given these facts.

### DISCUSSION

 As an initial matter, we note that IBL's motion is improperly styled a motion for summary judgment under Rule 56(b). IBL does not seek summary judgment, it seeks the dismissal of any of AT & T's

ed here as they appear in this court's order of June 16, 1994. *See International Business Lists, Ltd. v. American Telephone & Telegraph Co.*, No. 92 C 5844, 1994 WL 285079, at *2–3 (N.D.Ill. June 23, 1994).

2. Section 13–207 provides in relevant part:
 *Counterclaim or set-off.* A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise.
 735 ILCS 5/13–207.

counterclaims that accrued before March 9, 1992, on the grounds that under the limitations provision in the parties' contract those claims are time-barred. This argument essentially asserts that AT & T's earlier claims fail to state a claim upon which relief can be granted, and therefore it should have been made as a motion to dismiss under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(b) (permitting parties to file—as a defense to a "claim for relief in any pleading, whether a claim, *counterclaim,* cross-claim, or third-party claim"— a motion to dismiss for failure to state a claim upon which relief can be granted) (emphasis added). Nonetheless, "the substance of a motion rather than the form of a motion is controlling." *BBCA, Inc. v. United States,* 954 F.2d 1429, 1431–32 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 192, 121 L.Ed.2d 136 (1992); *see also Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983) (nomenclature of a motion is not controlling). Therefore, we read IBL's motion for summary judgment as a motion to dismiss.

■ Our decision on IBL's motion depends on the answers to two questions: can parties to a contract agree not to be bound by § 13–207, and if so, did AT & T and IBL so agree. Regarding the first question, AT & T argues that parties cannot contract around § 13–207 because the statute renders any contractual limitations moot. Since the parties agreed to be bound by Illinois law, AT & T reasons, their dispute is necessarily governed by § 13–207, "the Illinois counterclaim statute ... which directly addresses the issue before the Court" (Defendant's Surreply at 3). This argument proves too much. If we followed AT & T's logic we would be forced to say that contracting entities could never alter any statute of limitations since the statute would always trump the parties' agreement. That would run counter to the firmly established doctrine, which we followed in our earlier opinion, *see International Business Lists, Ltd. v. American Telephone & Telegraph Co.,* No. 92 C 5844, 1994 WL 285079 (N.D.Ill. June 23, 1994), that parties to a contract may agree to be bound by a shorter limitations period than that embodied in a statute of limitations, as long as the period they choose is reasonable.

*Florsheim v. Travelers Indemnity Company of Illinois,* 75 Ill.App.3d 298, 30 Ill.Dec. 876, 881, 393 N.E.2d 1223, 1228 (1979) ("It is well settled that a contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by general statute of limitations as to suits on a written contract is longer."); *1000 Condominium Association v. Carrier Corp.,* 180 Ill.App.3d 467, 129 Ill.Dec. 379, 382, 535 N.E.2d 1144, 1147 ("Under Illinois law, a contractual provision that limits the time within which to file a lawsuit is enforceable."), *appeal denied,* 126 Ill.2d 561, 133 Ill.Dec. 670, 541 N.E.2d 1108 (1989); *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.,* 153 Ill.App.3d 815, 106 Ill.Dec. 881, 883, 506 N.E.2d 681, 683 ("Parties to a contract may validly agree to set a reasonable time limit within which a suit on the contract must be filed."), *appeal denied,* 116 Ill.2d 560, 113 Ill.Dec. 319, 515 N.E.2d 128 (1987). Although Illinois courts have not addressed the issue, we see no reason why the *Florsheim* rule should not apply to § 13–207. Section 13–207 is merely a default rule that applies in the absence of any contrary expression by the parties. It does not automatically apply in every case, as AT & T would have us hold.

■ Having decided that AT & T and IBL could opt out of § 13–207, we need only determine whether they in fact did so. IBL argues that because paragraph 5 of the agreement applies to all actions, "regardless of form," it necessarily removes AT & T's counterclaim from the protection of § 13–207 (Plaintiff's Surreply at 1–2; *see* Agreement at ¶ 5). AT & T responds that its counterclaim is not an "action" within the meaning of paragraph 5 and therefore is not subject to that paragraph's limitation provision (Defendant's Surreply at 1–2). We find IBL's position more persuasive. Paragraph 13 of the agreement says that the agreement is to be governed, construed, and enforced according to Illinois law, and under Illinois law a counterclaim qualifies as an action. *Johnson v. Core–Vent Corp.,* 264 Ill.App.3d 833, 201 Ill. Dec. 294, 296–97, 636 N.E.2d 726, 728–29 (1993) (treating counterclaim as an action for purposes of 735 ILCS 5/13–212(a), which im-

poses a two-year limitation period on any "action for damages for injury or death against any physician"); *People v. Fiorini*, 143 Ill.2d 318, 158 Ill.Dec. 499, 502, 574 N.E.2d 612, 615 (1991) ("*A counterclaim is an action* brought by a named party against another existing party to the [original] action"); *Riblet Products Corp. v. Starr National*, 242 Ill.App.3d 988, 183 Ill.Dec. 215, 221, 611 N.E.2d 68, 74 (1993) (same); *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill.2d 23, 112 Ill.Dec. 684, 700, 514 N.E.2d 150, 166 (1987) (counterclaim called an action); *Softa Group, Inc. v. Scarsdale Development*, 260 Ill.App.3d 450, 197 Ill.Dec. 944, 946, 632 N.E.2d 13, 15 (1993) (counterclaim called an action).[3] While it is clear, as AT & T points out, that the words "action" and "counterclaim" are not synonymous (Defendant's Surreply at 2), it is equally obvious that Illinois law treats counterclaims as a subset of actions. Thus, paragraph 5, which places a one-year time limit on any "action, *regardless of form,*" (Agreement at ¶ 5 (emphasis added)), applies to AT & T's counterclaim and avoids the application of § 13–207. Courts interpreting contracts must give effect to the parties' intent, and that intent is best determined by reference to the plain meaning of the words the parties used. *Arrow Master, Inc. v. Unique Forming Ltd.*, 12 F.3d 709, 713 (7th Cir.1993) ("Under Illinois law, '[t]he primary object in construing a contract is to give effect to the intention of the parties.' ") (quoting *Air Line Stewards & Stewardesses Association v. American Airlines, Inc.*, 763 F.2d 875, 877 (7th Cir. 1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986)); *Wikoff v. Vanderveld*, 897 F.2d 232, 238 (7th Cir.1990) ("If the language of the contract unambiguously provides an answer to the question of intent, then the inquiry is over."). AT & T and IBL used the word "action," which refers to counterclaims as well as complaints, cross-claims, and the like. *Heneghan v. Sekula*, 181 Ill. App.3d 238, 129 Ill.Dec. 913, 916, 536 N.E.2d 963, 966 (1989) (stating that "[t]he ordinary and popular meaning of the term 'action' includes 'all the formal proceedings in a court

of justice attendant upon the demand of a right made by one person of another in such court,' " and holding that a third-party action for contribution "clearly falls within this ordinary and popular meaning") (quoting Black's Law Dictionary 26 (5th ed. 1979)). This choice of words reveals that they intended to bypass not only the statute of limitations for contract claims, but also § 13–207, the counterclaim-saving statute.

■ Even if we did not conclude that the parties had opted out of § 13–207 through the use of the word "action," we would still find for IBL. The plain language of the statute—which refers to "a set-off or counterclaim barred *by the statute of limitation* "—indicates that the section was meant to apply to statutory limitation periods. AT & T cites no case, and we have found none, in which § 13–207 was held to apply to *contractually*-established limitation periods.

AT & T's counterclaims fall within the scope of paragraph 5 of its agreement with IBL and are not saved by § 13–207. Therefore, any of its counterclaims arising before March 9, 1992, are time-barred. We do not mean to suggest, however, that AT & T cannot use defensively its allegations of breach as a bar to IBL's claims.

## CONCLUSION

IBL's motion for partial summary judgment, recharacterized as a motion to dismiss some of AT & T's counterclaims, is granted.

---

3. Federal courts applying Illinois law have also treated counterclaims as actions. *See Home Federal Bank for Savings v. Daly,* No. 90 C 1670, 1990 WL 251775, at *4 (N.D.Ill. Dec. 18, 1990) ("Count One of Daly's Counterclaims against Home Federal is an action for damages....").